■ In the Matter of LINDA G. ERHARDT et al., Infants. DORIS ERHARDT, Respondent; CECIL LANIER et al., Appellants.— Decree of the Surrogate's Court, Nassau County, dated June 23, 1966, affirmed, without costs. On September 22, 1965 the parents of the foster children at bar, who are minors under the age of 14 years, died in Jacksonville, Florida, where the parents and children had been domiciled. On September 25, 1965, petitioner herein, who is the children's paternal aunt, together with her mother, who is the paternal grandmother, left Florida with the children for her home in Nassau County where they have since resided. Petitioner, who resides with her mother, had left her home in Nassau County for Florida on September 23, 1965 because of the sudden deaths of the children's parents. Upon arriving in Jacksonville, petitioner had met with the objectants, the children's maternal grandparents, who had been summoned from their home in Columbus, Georgia. Objectant Nellie Lanier, mistakenly relying upon an improperly executed will signed by her daughter who had attempted to appoint petitioner the children's testamentary guardian, on September 24, 1965 told petitioner, in substance, that petitioner would have custody of the children. On the same day, petitioner and her mother advised a Judge of the County Judges' Court for Duval County, Florida, in which Jacksonville is located, that they intended to take the children to their home in New York. The Judge stated that, because no one else claimed custody of the children, he did not detect any objection to petitioner's plan. We indicate the nature of the initial acquisition of the physical custody of the children by petitioner and her mother in order to emphasize that their conduct therein was not tainted by any unlawful or duplicitous act (see, *Ex parte Dawson*, 3 Bradf. 130). On December 1, 1965 objectants, still domiciliaries of Georgia, filed a petition in the County Judges' Court for Duval County, Florida, seeking custody of the children. On January

24, 1966 petitioner filed the adoption petitions at bar in the Surrogate's Court, Nassau County. On February 11, 1966 petitioner and others filed an answer in the Florida court objecting to the petition therein on the ground, *inter alia,* that the adoption proceeding herein was pending before the Surrogate's Court. On April 4, 1966 objectants filed their objections to the petitions at bar and, on April 28, 1966 a hearing was held thereon in the Surrogate's Court. On May 4, 1966 the Florida court made an order granting custody to objectant Nellie Lanier during the Christmas and Summer vacations from school and to petitioner during the remainder of the year and appointing petitioner and said objectant joint guardians of the persons of the children. However, on June 23, 1966 the decree now under review was made, dismissing the objections to and granting the adoption petitions at bar. Objectants argue that (1) the Federal Constitution requires that full faith and credit be given to the Florida order with respect to its provisions concerning custody and guardianship and (2) the adoption is void because the consent of a person or authorized agency having lawful custody of the children had not been obtained (Domestic Relations Law, § 111, subd. 4). At the time of the entry of the adoption decree, petitioner, as the children's paternal aunt, did not have their lawful custody, as that custody is defined by subdivision 6 of section 109 of the Domestic Relations Law, for she neither was their natural guardian nor had she been appointed their guardian by a New York court. In our opinion, the Constitution does not require the extension of full faith and credit to the Florida order either with respect to its provision for guardianship (Ehrenzweig, Interstate Recognition of Custody Decrees, 51 Mich. L. Rev. 345–346 [1953]; see, *Morgan* v. *Potter,* 157 U. S. 195) or with respect to its provision for custody (*Matter of Bachman* v. *Mejias,* 1 N Y 2d 575; see, *Halvey* v. *Halvey,* 330 U. S. 610). In addition, the record shows that, from the time of their departure from Florida until the hearing before the Surrogate, the children had been in the custody of the paternal grandmother as well as in the custody of petitioner. The paternal grandmother's custody of the children is a lawful custody "otherwise authorized by law" under subdivision 6 of section 109 of the Domestic Relations Law, because she was their natural guardian (see, *Matter of First Trust Co.* v. *Goodrich,* 3 N Y 2d 410). The consents of the paternal grandmother as natural guardian of the children were obtained in the adoption agreements submitted with the petitions herein. Hence, the requirement of subdivision 4 of section 111 of the Domestic Relations Law was satisfied. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.