■ CUTHBERT STEWART, Individually and as Guardian ad Litem for LINDA STEWART, Appellant, v HERBERT TETENBAUM et al., Respondents, et al., Defendant. [614 NYS2d 745] —In an action to recover damages for medical malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Scholnick, J.), dated March 1, 1993, as granted the cross motion of the defendants Herbert Tetenbaum, M.D. and Byron Toyloy, M.D., and the cross motion of the defendant Pervez Ahmed, M.D., for summary judgment dismissing the complaint on the ground that the action was barred by the Statute of Limitations, and denied the plaintiffs' motion to dismiss these defendants' affirmative defenses based on the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Between September and December 1983 the defendants Tetenbaum, Toyloy and Ahmed (hereinafter the respondents) examined the plaintiff, Linda Stewart, in connection with gynecological problems. On December 17, 1983, Linda Stewart was admitted to the Brookdale Hospital Medical Center and shortly thereafter she experienced seizures. The next day the possibility of an infected intrauterine device was noted on her chart. Her condition worsened and toward the end of December 1983 she lapsed into a coma as a result of toxic shock syndrome. She has remained in a comatose state, but is not on life support machines. The respondent Ahmed was Mrs. Stewart's attending physician until 1992.

By an order dated May 17, 1988, the Supreme Court, Kings County (Scholnick, J.), appointed Cuthbert Stewart, Linda's husband, her guardian ad litem. On or about May 19, 1992, the plaintiffs commenced the instant action to recover damages for medical malpractice. The respondents each asserted an affirmative defense based upon the two-and-one-half year Statute of Limitations (see, CPLR 214-a). The plaintiffs subse-

quently moved to strike these affirmative defenses, and the respondents cross-moved for summary judgment dismissing the complaint. The Supreme Court held that the action was time-barred as to the respondents. We affirm.

Although the Statute of Limitations was tolled due to Linda Stewart's comatose condition, this disability ceased once her husband was appointed her guardian ad litem (see, CPLR 208; *Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687, 693). Thus, the Statute of Limitations began to run upon his appointment and in order for this action to be timely it must have been commenced within two years and six months of May 17, 1988 (see, CPLR 214-a). However, this case was not commenced until May 1992, approximately one year and six months after the Statute of Limitations had expired.

In addition, contrary to the plaintiffs' contention, the continuous treatment doctrine does not apply to the causes of action against the respondent Ahmed. Continuous treatment involves more than a physician-patient relationship (see, *Massie v Crawford*, 78 NY2d 516, 519; *Rizk v Cohen*, 73 NY2d 98, 103). "There must be ongoing treatment of a medical condition" (*Massie v Crawford, supra*, at 519). The plaintiff failed to sustain her burden of demonstrating Ahmed's continuous treatment of the condition which caused her injuries. Thus, the Statute of Limitations was not tolled as to the respondent Ahmed under the continuous treatment doctrine. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.