■ MARIA C. ORTIZ, Appellant, v HERTZ CORPORATION et al., Respondents. [622 NYS2d 260] —Order, Supreme Court, Bronx

County (Howard Silver, J.), entered November 15, 1993, which granted defendants' motion for summary judgment pursuant to CPLR 3212 dismissing the plaintiff's complaint, unanimously affirmed, without costs.

The IAS Court properly dismissed the complaint in the underlying wrongful death action, which was commenced more than three and one-half years after the date of the decedent's death, as barred by the applicable statute of limitations set forth in EPTL 5-4.1, which requires that a wrongful death action must be commenced within two years from the date of death since the record reveals that plaintiff, as the natural mother and legal guardian of the decedent's minor children, had the potential to commence the underlying action at the time of the decedent's death. Therefore, the statute of limitations for commencing the wrongful death action was not tolled under CPLR 208 as to the infant minor beneficiaries pursuant to *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687).

In *Hernandez,* the Court of Appeals, confronted with the issue of whether the statute of limitations for a wrongful death action was tolled by the infancy of the sole distributee of the decedent's estate, specifically determined that the statute of limitations is tolled by the infancy of the distributees (CPLR 208) until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever is earlier *(supra,* at 694).

The plaintiff Administratrix herein, as the natural guardian of her infant children, was duty bound to seek Letters of Administration on behalf of the decedent's distributees prior to the running of the two-year statute of limitations, particularly where, as here, correspondence establishes that the Estate, by the plaintiff, had retained competent legal counsel, to render services and legal advice on behalf of the distributees of the decedent, within sixty days after the decedent's death, and the record contains no explanation as to why more than three years expired before the plaintiff was appointed as Administratrix.

Nor does the plaintiff offer any explanation for the delay until July of 1992 before she sought and was appointed guardian of the infant children's property, and then first applied for and was granted Limited Letters of Administration on behalf of the decedent's children on December 4, 1992

*(Baez v New York City Health & Hosps. Corp.,* 80 NY2d 571). Concur—Murphy, P. J., Sullivan, Rosenberger and Ross, JJ.