OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of motion of *865 defendants Hadsaitong and Langford to dismiss the claims against them on the basis that the within action was commenced after the expiration of the Statute of Limitations. These defendants are joined in their motion by defendant Sheehan Memorial Hospital.
Decedent died intestate on April 21,1988. His sole distributee was plaintiff, his only child, born out of wedlock on October 15, 1975. Plaintiff's mother was never appointed legal guardian of plaintiff and never sought legal advice regarding the possibility of bringing a wrongful death action on behalf of plaintiff.
Plaintiff turned 18 on October 15, 1993. In November 1993, plaintiff was appointed administrator of decedent’s estate. The summons and complaint was filed within two years of the plaintiff reaching the age of majority. The issue before this court is whether the Statute of Limitations was tolled during the infancy of the sole distributee of decedent’s estate.
The Court of Appeals examined a very similar question in Hernandez v New York City Health & Hosps. Corp. (78 NY2d 687 [1991]). In that case, the sole distributee was an out-of-wedlock child. At the time of decedent’s death, the child’s other parent was deceased. The summons and complaint was filed within the Statute of Limitations as measured from the time of the appointment of a guardian for the infant child, but not timely as measured from the date of death. The Court had to address the question of whether the infancy of the sole distributee tolled the running of the Statute of Limitations until such time as a guardian is appointed.
The Court of Appeals reasoning was as follows: Under EPTL 5-4.1, plaintiffs have two years, measured from the date of death, to bring the wrongful death action. Under CPLE 208, however, where the person entitled to bring the action is under a disability because of infancy, the Statute of Limitations is tolled. Under SCPA 1001, distributees have the superior right to letters of administration, but an infant is ineligible to be appointed as administrator. Where the sole distributee is an infant, no one is eligible to receive letters of administration until a guardian is appointed for that infant. The Court therefore construed these laws, read together, as allowing the tolling until the earliest moment that there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first. In so holding, the Court pronounced “[w]hat should not be lost in the maze of statutes is that the person — the only person — whose interests *866 are at stake in bringing this action is decedent’s child” (supra, at 693). The Court of Appeals rationale for such holding was that “[t]his result strikes the appropriate balance among competing policy considerations” (at 694).
Defendants rely on the holdings in Baez v New York City Health & Hosps. Corp. (80 NY2d 571 [1992]) and Ortiz v Hertz Corp. (212 AD2d 374 [1995]) in support of their position that the action herein was not timely commenced. In Baez (supra), the Court of Appeals found that the toll did not apply where decedent named an executrix to his estate in his will, and in that instrument also named the executrix the guardian of the infant distributees. The Court reasoned that the plaintiff could have sought immediate appointment as a personal representative to commence the wrongful death actions on behalf of the infant distributees and her failure to do so did not suspend the running of applicable Statute of Limitations. The Court of Appeals was careful to indicate that their holding did not abrogate the rule set forth in the Hernandez case (supra), because the executrix could have, by virtue of decedent’s will, timely sought appointment as the personal representative of the infants.
In Ortiz (supra), the Appellate Division, First Department, found that where the administratrix had actually retained competent counsel at such time that the appropriate lawsuit could have been commenced timely, the toll of CPLR 208 did not serve to extend the Statute of Limitations. In that case, counsel was retained within 60 days of the decedent’s death.
Most recently, in Henry v City of New York (244 AD2d 93 [1998]), the Second Department found that the CPLR 208 toll did not apply where a parent failed to timely commence an action on behalf of her children for lead poisoning, where the parent had timely filed a notice of claim with the City. The Court pointed to the presence of legal counsel, and the parent’s awareness of the legal rights of the infants. This result, however, is in direct conflict with the position of the Appellate Division, First Department, as recently set forth in the case of Rosado v Langsam Prop. Serv. Corp. (251 AD2d 258 [1st Dept 1998]). In ruling that an infant who filed a timely notice of claim had a right to use the tolling provision of CPLR 208, the Court stated “[a]n infant should not be penalized for the failures or neglect of his guardian or attorney” (at 258). Neither Henry nor Rosado were wrongful death claims.
It is the defendants’ position that the fact that plaintiff, herein, was in the care and custody of a parent, his natural *867 guardian, the parent was duty bound to preserve the rights of the plaintiff herein. Further, it is the defendants’ position that the case law cited stands for the proposition that the existence of a parent, even a parent who has no stake in the fruits of a potential wrongful death lawsuit of a nonrelative, is sufficient to defeat a tolling of the Statute of Limitations per CPLR 208.
The only factual difference between the situation presented in Hernandez (supra) and this case is the existence of a living parent. The parent, however, had no pecuniary stake in the outcome of any personal injury or wrongful death settlement brought by decedent’s estate. The question before this court then becomes whether or not the existence of one (legally) non-interested parent is enough to defeat the infancy toll of the Statute of Limitations.
The court herein looks for guidance to chapter 7, § 323 of McKinney’s Consolidated Laws of NY, Book 1, Statutes, which also addresses the rights of persons under disability, such as infants. That section states: “The rights of infants, incompetents, and other persons under disability are tenderly protected by the courts, and statutes intended for the protection of their rights are liberally construed”. (Emphasis supplied.) Clearly, this concept was represented in the opinion of the Court of Appeals in Hernandez (78 NY2d 687, 693, supra), wherein they recognized that in the maze of statutes involved therein, the only interests at stake are those of the decedent’s child. That is certainly true here, where no other person had any financial interest in the outcome of a wrongful death action except the plaintiff, the decedent’s child. As decedent’s sole distributee, plaintiff was the sole member of the group from which a personal representative of the estate is ordinarily chosen. It is the plaintiff alone who would suffer the full burden of the dismissal of the claim. Under these circumstances, similar in the essential respects to those presented in Hernandez (supra), this court comes to the conclusion that the plaintiff, the sole distributee of the estate of the deceased, be granted the benefit of the tolling provision provided by CPLR 208. The existence of a legally noninterested parent does not change the fact that there is no person legally entitled to bring the claim on behalf of the estate of the decedent until plaintiff reaches the age of majority, or has a legal guardian appointed.
Accordingly, this court finds that the tolling provision of *868 CPLR 208 applies herein, and thus the action was commenced in a timely manner. The motion for dismissal, therefore, is denied in all respects.