■ FLOSSIE KEMP, Individually and as Administratrix of the Estate of ROSALYN GAINT, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents. [617 NYS2d 801] —In an action, *inter*

*alia,* to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated February 5, 1992, which granted the defendants' motion to dismiss the first, second, and fifth causes of action, seeking damages for the plaintiff's decedent's personal injuries, and which denied the plaintiff's cross motion, denominated a cross motion for renewal and reargument, but which was, in actuality, a motion for reargument of a prior motion by the defendants to amend their answer to raise the affirmative defense of the plaintiff's noncompliance with the time limitations set forth in General Municipal Law § 50-i and in McKinney's Unconsolidated Laws of NY § 7401.

Ordered that the appeal from so much of the order dated February 5, 1992, as denied reargument is dismissed, as no appeal lies from the denial of reargument; and it is further,

Ordered that the order dated February 5, 1992, is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

On January 17, 1989, Rosalyn Gaint died while incarcerated at Rikers Island Correctional Facility. Her death was allegedly the result of mistreatment by correction officers. Ms. Gaint was survived by an infant son, Donald Lee Gaint. The plaintiff (Ms. Gaint's grandmother), as administratrix of Ms. Gaint's estate, and "Lonnie Gaint, as guardian of Donald Lee Gaint, infant," timely served a notice of claim on the defendant City of New York and the defendant New York City Health and Hospitals Corporation (hereinafter NYCHHC) on April 11, 1989. The plaintiff subsequently commenced the instant action, on her own behalf and as administratrix of Ms. Gaint's estate, by serving a summons and complaint on the City and on NYCHHC, on November 9, 1990, and November 21, 1990, respectively. The first, second, and fifth causes of action asserted in the complaint were for damages for the conscious pain and suffering arising out of the decedent's personal injuries; the third and sixth causes of action sought damages for the decedent's wrongful death.

Issue was joined by the service of the defendants' answer in December 1990. Almost a year later, by notice of motion dated November 26, 1991, the defendants, *inter alia,* moved to amend the answer, to add as an affirmative defense the one-year-and-90-day Statute of Limitations set forth in General Municipal Law § 50-i (governing actions against the City) and McKinney's Unconsolidated Laws of NY § 7401 (2) (governing

actions against NYCHHC). By order dated December 18, 1991, the Supreme Court granted the defendants' motion for leave to amend. Although the plaintiff filed a notice of appeal from that order, she failed to perfect the appeal, and it was subsequently dismissed by order of this Court dated August 16, 1993. Under these circumstances, the plaintiff cannot resurrect on this appeal the issue of whether the court erred in permitting amendment of the answer *(see, Bray v Cox,* 38 NY2d 350, 354-355; *accord, Matter of Ellsman,* 77 NY2d 926; *People v Corley,* 67 NY2d 105, 109; *Rosen v Rosen,* 193 AD2d 661, 662).

The two avenues asserted for recovering damages have different criteria governing the application of Statutes of Limitations. One is for wrongful death, which is designed to compensate those who suffer pecuniary loss as a result of a wrongful act. That cause of action is in favor of certain designated beneficiaries in proportion to the pecuniary injuries suffered by them *(see,* EPTL 5-4.4 [a] [1]). Thus, when a wrongful death cause of action is brought on behalf of a minor child, the Statute of Limitations may be tolled, pursuant to CPLR 208, until a personal representative is appointed for the infant sole distributee *(cf., e.g., Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687, 692-693; *accord, Baez v New York City Health & Hosps. Corp.,* 80 NY2d 571, 576-577).

In comparison, a cause of action brought on behalf of the deceased to recover damages for personal injuries suffered by the deceased is personal to the deceased *(see, Ratka v St. Francis Hosp.,* 44 NY2d 604, 609; *see generally, Matter of Acquafredda,* 189 AD2d 504, 507), and accrues on the date of death, which in this case was January 17, 1989. Consequently, to be timely, the plaintiff's causes of action to recover damages for personal injuries should have been interposed by April 17, 1990. Because the action was not instituted by the plaintiff until November 1990, the court properly granted the defendants' motion to dismiss, as time-barred, the plaintiff's first, second, and fifth causes of action to recover damages for personal injuries. Sullivan, J. P., Balletta, Rosenblatt and Florio, JJ., concur.