In the Matter of PRISCILLA HIDALGO, as Administratrix of the Estate of JULIO HIDALGO, JR., Deceased, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Appellants. [620 NYS2d 471] —In a proceeding to deem previously served notices of claim to have been timely served, the City of New York and the New York City Health and Hospitals Corp. appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Kings County (Clemente, J.), dated May 14, 1993, as deemed timely served so much of certain notices of claim which sought damages for the decedent's conscious pain and suffering, and (2) an order of the same court, dated October 15, 1993, which denied their motion, which is denominated a motion for leave to renew and reargue.

Ordered that the order dated May 14, 1993, is reversed insofar as appealed from, on the law, and the petitioner's application for an order deeming her notices of claim to have been timely served is denied to the extent that she seeks damages for the decedent's conscious pain and suffering; and it is further,

Ordered that the appeal from the order dated October 15, 1993, is dismissed as academic, in light of our determination with respect to the order dated May 14, 1993; and it is further,

Ordered that the appellants are awarded one bill of costs.

The decedent was the victim of a shooting on October 3, 1991, and he died from his injuries on the following day. The decedent's sole distributee is his infant daughter, who was born approximately five weeks after his death. On May 15, 1992, the attorneys for the "proposed administratrix" of the decedent's estate served notices of claim on the municipal defendants, alleging that their negligence in the care and treatment of the decedent had caused his death. However, it was not until five months later, on October 21, 1992, that the petitioner Priscilla Hidalgo, who is the decedent's mother and the infant distributee's paternal grandmother, was appointed guardian of the decedent's daughter. The petitioner was thereafter appointed administratrix of the decedent's estate on February 10, 1993. Shortly after her appointment as administratrix, the petitioner commenced the instant proceeding to deem the previously served notices of claim to have been timely served, and the Supreme Court granted her application.

On appeal, the municipal defendants contend that the Supreme Court erred in applying CPLR 208 to extend the one-year and 90-day Statute of Limitations to the estate's cause of action to recover damages for the decedent's conscious pain and suffering. Thus, the municipal defendants contend that the conscious pain and suffering claim was time barred and that the Supreme Court, therefore, lacked jurisdiction to grant the petitioner's application for leave to serve late notices of claim seeking to recover such damages. We agree. Unlike a cause of action to recover damages for wrongful death, which is brought exclusively for the benefit of the decedent's distributees, "a cause of action brought on behalf of the deceased to recover damages for personal injuries suffered by the deceased is personal to the deceased" (*Kemp v City of New York*, 208 AD2d 684, 686, relying upon *Ratka v St. Francis Hosp.*, 44

NY2d 604, 609; *see also, Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687, 693). Accordingly, CPLR 208 is not applicable to the decedent's conscious pain and suffering claim *(see, Kemp v City of New York, supra),* and the claim is barred by the applicable Statute of Limitations. Mangano, P. J., Lawrence, Joy and Krausman, JJ., concur.