OPINION OF THE COURT
Orazxo R. Bellantoni, J.
Defendants County of Westchester, Joseph Stancari, Officer *748 Savino, and Sergeant Rushin move for an order: (1) pursuant to CPLR 3212, granting summary judgment in favor of the County of Westchester dismissing the complaint and all claims asserted under 42 USC § 1983 on the ground that the County did not violate Ivan Figeroa, Jr.’s Fourteenth Amendment due process rights; (2) pursuant to CPLR 3212, granting summary judgment in favor of defendant Joseph Stancari dismissing the complaint and all claims asserted under 42 USC § 1983 on the ground that plaintiff failed to prove any personal involvement on the part of Joseph Stancari; (3) pursuant to CPLR 3212, granting summary judgment in favor of defendant Officer Savino dismissing the complaint and all claims asserted under 42 USC § 1983 on the ground that Officer Savino did not violate Ivan Figeroa, Jr.’s Fourteenth Amendment due process rights; and (4) pursuant to CPLR 3212, granting summary judgment in favor of defendant Sergeant Rushin dismissing the complaint and all claims asserted under 42 USC § 1983 on the ground that Sergeant Rushin did not violate Ivan Figeroa, Jr.’s Fourteenth Amendment due process rights.
Plaintiff cross-moves for an order: (1) deeming the plaintiff’s notice of claim alleging state law causes of action for conscious pain and suffering and wrongful death of the decedent, Ivan Figeroa, Jr., which was served on the County of Westchester on August 7, 1998, as having been filed timely, nunc pro tunc, pursuant to General Municipal Law § 50-e (5), and (2) granting the plaintiff leave, pursuant to CPLR 3025 (b), to file and serve an amended verified complaint alleging state law claims of negligence as against the defendant, County of Westchester, for conscious pain and suffering and wrongful death of the decedent, Ivan Figeroa, Jr., and alleging more specific facts pertaining to the claims brought pursuant to 42 USC § 1983.
It is hereby ordered that: (1) defendants County of Westchester, Joseph Stancari, Officer Savino, and Sergeant Rushin’s motion for summary judgment dismissing the complaint against them is granted; (2) plaintiff’s cross motion is granted to the extent that the portion of plaintiff’s notice of claim served on August 7, 1998 which alleges wrongful death is deemed to have been filed timely; and (3) plaintiff is granted leave, pursuant to CPLR 3025 (b), to file and serve within 30 days after entry of the instant order an amended verified complaint alleging a claim against defendant County of Westchester for wrongful death and alleging “that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment *749 or payment thereof has been neglected or refused.” (General Municipal Law § 50-i [1].)
The instant action arises out of the suicide death of a 17-year-old male, decedent Ivan Figeroa, Jr., while he was a pretrial detainee at the Westchester County Jail in Valhalla, New York. Plaintiff asserts claims, pursuant to 42 USC § 1983, that defendants violated Ivan Figeroa, Jr.’s Fourteenth Amendment constitutional rights. Therefore, “[i]n this case it is [Ivan Figeroa, Jr.]’s due process rights with which we are concerned. He was a pretrial detainee, not found guilty of a crime, and therefore he could not be ‘punished.’ For that reason, his treatment in the detention facility is analyzed under the Due Process Clause, rather than the Eighth Amendment’s prohibition against cruel and unusual punishments.” (Frake v City of Chicago, 210 F3d 779, 781 [7th Cir 2000], citing Bell v Wolfish, 441 US 520 [1979].) “But like the protection afforded a convicted prisoner under the Eighth Amendment, a detainee is protected [under the Fourteenth Amendment] from the ‘deliberate indifference’ of officials. (County of Sacramento v. Lewis, 523 U.S. 833 * * * (1998); Antonelli v. Sheahan, 81 F.3d 1422 (7th Cir. 1996). Specifically, when the claim is based on a jail suicide * * * the protection a detainee receives is the same as that received by an inmate claiming inadequate medical attention under the Eighth Amendment.” (Frake v City of Chicago, 210 F3d 779, 781-782 [7th Cir 2000], citing Mathis v Fairman, 120 F3d 88 [7th Cir 1997]; Payne v Churchich, 161 F3d 1030 [7th Cir 1998], cert denied 527 US 1004 [1999].) It is well settled that “[pjrison inmates have [a] * * * right to be confined under conditions that provide ‘adequate food, clothing, shelter, and medical care.’ ” (Estate of Novack v County of Wood, 226 F3d 525, 529 [7th Cir 2000], citing Farmer v Brennan, 511 US 825 [1994], quoting Hudson v Palmer, 468 US 517 [1984].) “In addition, prison officials are responsible for taking reasonable steps to guarantee the safety of the inmates in their charge * * * To make out a claim for a violation of an inmate’s * * * right to adequate conditions of confinement, a plaintiff must make two showings: ‘First, the danger to the inmate must be objectively serious, posing a substantial risk of serious harm. Second, the prison official must have a sufficiently culpable state of mind — one of “deliberate indifference” to inmate health or safety.’” (Estate of Novack v County of Wood, 226 F3d 525, 529, quoting Haley v Gross, 86 F3d 630, 640-641 [7th Cir 1996], and citing Farmer v Brennan, 511 US 825, 834 [1994].)
“ ‘Deliberate indifference,’ as it is used in the [Fourteenth] Amendment context, comprehends more than mere negligence *750 but less than the purposeful or knowing infliction of harm.” (Estate of Novack v County of Wood, 226 F3d at 529, citing Farmer, 511 US at 836; Estelle v Gamble, 429 US 97, 106 [1976]; Haley, 86 F3d at 641.) The deliberate indifference standard “requires that a prison official know of and disregard a substantial risk of serious harm to inmate health or safety.” (Estate of Novack v County of Wood, 226 F3d 525, 529, citing Farmer, 511 US at 837; see also, McClemoore v Dingman, 229 F3d 1135 [2d Cir 2000], quoting Chance v Armstrong, 143 F3d 698, 703 [2d Cir 1998].) “The deliberate indifference standard is a subjective one. It is not enough that there was a danger of which a prison official objectively should have been aware. IT] he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.’” (Estate of Novack v County of Wood, 226 F3d at 529; see also, Starcher v Correctional Med. Sys., 2001 WL 345810, 2001 US App LEXIS 5394 [6th Cir, Mar. 26, 2001, Batchelder, J.].)
In the instant matter there is no evidence that any of the defendant officials were “aware of facts from which the inference could be drawn that” decedent Ivan Figeroa, Jr. was a substantial suicide risk or that any defendant official drew such an inference. The Court notes that “[m]ere knowledge that an inmate is behaving violently or ‘acting in a “freaky” manner’ is not sufficient to impute awareness of a substantial risk of suicide.” (Estate of Novack v County of Wood, 226 F3d 525, 529, quoting State Bank of St. Charles v Camic, 712 F2d 1140, 1146 [7th Cir 1983], and citing Mathis v Fairman, 120 F3d 88, 91 [7th Cir 1997].) Rather, “[i]n order to be liable under the [Fourteenth] Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act. See Collignon [v Milwaukee County], 163 F.3d [982], 990 (holding that even placing an inmate on suicide watch may not demonstrate a subjective awareness of a substantial risk of imminent suicide).” (Estate of Novack v County of Wood, 226 F3d 525, 529-530.)
Plaintiff argues that the defendant officials should have been aware that decedent Ivan Figeroa, Jr. was a suicide risk. However, “[ojrdinarily, a prison official does not violate the [Fourteenth] Amendment when he should have been aware of a risk that harm would befall an inmate but was not actually subjectively aware of that risk. See Farmer, 511 U.S. at 838 *751 * * * (‘[A]n official’s failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned’ * * *).” (Estate of Novack v County of Wood, 226 F3d 525, 530.) Simply put, “[m]ere negligence is insufficient to establish [a Fourteenth] Amendment claim.” (Starcher v Correctional Med. Sys., 2001 WL 345810, *5, 2001 US App LEXIS 5394, *16 [6th Cir, Mar. 26, 2001, Batchelder, J.], citing Woods v Lecureux, 110 F3d 1215, 1222 [6th Cir 1997].) Further, “for liability to attach against [defendant Westchester] County under § 1983, the plaintiff must show that ‘deliberate action attributable to the municipality directly caused a deprivation of federal rights.’ ” (Starcher v Correctional Med. Sys., 2001 WL 345810, *5, 2001 US App LEXIS 5394, *13 [6th Cir, Mar. 26, 2001, Batchelder, J.], quoting Board of County Commrs. v Brown, 520 US 397 [1997].) The plaintiff has failed to “show that county policymakers made a ‘deliberate choice’ among various alternatives and that the policy caused the injury” to decedent Ivan Figeroa, Jr. (Starcher v Correctional Med. Sys., 2001 WL 345810, *5, 2001 US App LEXIS 5394, *13, quoting Pembaur v City of Cincinnati, 475 US 469, 483 [1986]). Accordingly, defendants County of Westchester, Joseph Stancari, Officer Savino, and Sergeant Rushin’s motion for summary judgment dismissing 42 USC § 1983 claims against them must be granted.
Plaintiff cross-moves for an order: (1) deeming the plaintiffs notice of claim alleging state law causes of action for conscious pain and suffering and wrongful death of the decedent, Ivan Figeroa, Jr., served on the County of Westchester on August 7, 1998, as having been filed timely, nunc pro tunc, pursuant to General Municipal Law § 50-e (5), and (2) granting the plaintiff leave, pursuant to CPLR 3025 (b), to file and serve an amended verified complaint alleging state law claims of negligence as against the defendant, County of Westchester, for conscious pain and suffering and wrongful death of the decedent, Ivan Figeroa, Jr., and alleging more specific facts pertaining to the claims brought pursuant to 42 USC § 1983. With respect to this cross motion, the defendant County of Westchester argues that the expiration of the Statute of Limitations bars the granting of such relief. However, it is well settled that where a decedent is survived only by infant distributees, “CPLR 208 tolls the Statute of Limitations for the wrongful death action until the ‘earliest moment there is a personal representative or a potential personal representative who can bring the action, whether by appointment of a *752 guardian or majority of the distributee, whichever occurs first’.” (Henry v City of New York, 94 NY2d 275, 283 [1999], quoting Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687, 693 [1991]; see also, Matter of Rivera v Westchester County Med. Ctr., 222 AD2d 680 [2d Dept 1995]; Matter of Hidalgo v New York City Health & Hosps. Corp., 210 AD2d 481 [2d Dept 1994]; Kemp v City of New York, 208 AD2d 684 [2d Dept 1994].)
 In the case at bar, letters of guardianship were issued to the claimant on April 20, 1998, letters of administration were issued on June 25, 1998, and a notice of claim was served on defendant County of Westchester on August 7, 1998. Since the Statute of Limitations for a wrongful death action “was tolled until [April 20, 1998], the date of the issuance of letters of guardianship,” the notice of claim was served within the two-year Statute of Limitations period for wrongful death actions. (Matter of Rivera v Westchester County Med. Ctr., 222 AD2d 680, 681 [2d Dept 1995]; see also, General Municipal Law § 50-i.) Accordingly, contrary to the argument of defendant County of Westchester, this Court does have the authority to deem plaintiffs notice of claim to have been timely served with respect to the wrongful death claim. However, “[u]nlike a cause of action to recover damages for wrongful death, which is brought exclusively for the benefit of the decedent’s distributees, ‘a cause of action brought on behalf of the deceased to recover damages for personal injuries suffered by the deceased is personal to the deceased’.” (Matter of Hidalgo v New York City Health & Hosps. Corp., 210 AD2d 481, 482 [2d Dept 1994], quoting Kemp v City of New York, 208 AD2d 684, 686, relying upon Ratka v St. Francis Hosp., 44 NY2d 604, 609; see also, Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687, 693.) “Accordingly, CPLR 208 is not applicable to the decedent [Ivan Figeroa, Jr.]’s conscious pain and suffering claim * * * and the claim is barred by the applicable Statute of Limitations.” (Matter of Hidalgo v New York City Health & Hosps., 210 AD2d at 483.) It is undisputed that defendant County of Westchester “acquired actual knowledge of the essential facts constituting the [wrongful death] claim” within 90 days after the claim arose. (General Municipal Law § 50-e [5]; see Matter of Makris v Westchester County, 208 AD2d 843 [2d Dept 1994], citing Matter of Tomlinson v New York City Health & Hosps. Corp., 190 AD2d 806 [2d Dept 1993], and Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671 [2d Dept 1991].) Further, service of the notice of claim “was made within the appropriate limitation period, as tolled by *753 [Suliet’s] infancy.” (Matter of Tomlinson v New York City Health & Hosps. Corp., 190 AD2d 806, 807.) In addition, any delay in filing the notice of claim has not “substantially prejudiced the public corporation in maintaining its defense on the merits.” (General Municipal Law § 50-e [5].)
Finally, pursuant to CPLR 3025 (b), “A party may amend his pleadings * * * at any time by leave of court * * * Leave shall be freely given.” Defendant County of Westchester has failed to demonstrate “significant prejudice” which would serve to justify denial of plaintiffs application for leave to file and serve an amended verified complaint alleging a wrongful death claim against defendant County of Westchester. (Edenwald Contr. Co. v City of New York, 60 NY2d 957, 958 [1983].) Accordingly, plaintiffs application must be granted. Plaintiff is granted leave to file and serve within 30 days after entry of the instant order an amended verified complaint alleging a claim against defendant County of Westchester for wrongful death and alleging “that at least thirty days have elapsed since the service of such notice [of claim] and that adjustment or payment thereof has been neglected or refused.” (General Municipal Law § 50-i [1].)