EUGENIA BRENNAN HESLIN, as Administrator of the Estate of EGYPT A. PHILLIPS, Deceased, Respondent, v COUNTY OF GREENE, Appellant, et al., Defendants. [862 NYS2d 210]—

Malone Jr., J. Appeal from an order of the Supreme Court (Lalor, J.), entered March 12, 2007 in Greene County, which granted plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

The three-year-old decedent died on November 21, 2004 as a result of intentionally inflicted injuries she sustained over an eight-month period at the hands of her mother's boyfriend, James Smith. Plaintiff, who was the Law Guardian for decedent's two infant siblings, was appointed administrator of decedent's estate and commenced this action for wrongful death and personal injury against defendant County of Greene (hereinafter defendant), among others, simultaneously moving for leave to file a late notice of claim. Supreme Court granted the motion and defendant appeals.

No action for personal injury or wrongful death may be maintained against a municipal defendant unless notice of the claim is first served within 90 days after the claim arises or, in the case of wrongful death, within 90 days of the appointment of a representative of the decedent's estate (see General Municipal Law § 50-e [1] [a]). An action must then be commenced within one year and 90 days for personal injury claims or, for wrongful death claims, within two years of the date of death (see General Municipal Law § 50-i [1]). Leave to file a late notice of claim may be granted by the court, but the time to file such notice may not be extended beyond the expiration of the statute of limitations for commencement of the action (see General Municipal Law § 50-e [5]).

Here, plaintiff was appointed administrator of decedent's estate on October 31, 2006 and served notice of the claim on November 16, 2006. As Supreme Court correctly determined, the notice of claim with respect to the wrongful death claim was timely and, thus, leave to file late notice was not necessary.*

We reach a different conclusion, however, with respect to the claim for conscious pain and suffering arising out of decedent's personal injuries. Inasmuch as the notice of claim was filed more than 90 days after decedent's death, leave to file a late no-

---

* To the extent that defendant claims that the complaint was actually filed after the expiration of the statute of limitations for the wrongful death claim, the record establishes that the complaint was timely filed.

tice of claim was required. However, the personal injury claim accrued no later than the date of death and the statute of limitations for that claim is one year and 90 days (*see* General Municipal Law § 50-i [1]). As plaintiff's application for leave to file a late notice of claim was not made within that time, an extension of time to file such notice is not statutorily permitted (*see Miller v County of Sullivan*, 36 AD3d 994, 995 [2007]). Supreme Court's reliance on the infancy toll of CPLR 208, on behalf of decedent's infant distributees, to extend the statute of limitations on the personal injury claim was not proper inasmuch as such a claim is brought on behalf of decedent and is personal to her, not her surviving infant distributees (*see Matter of Hidalgo v New York City Health & Hosps. Corp.*, 210 AD2d 481, 482-483 [1994]; *Kemp v City of New York*, 208 AD2d 684, 686 [1994]; *see also Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21, 23 [2008]; *compare Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687 [1991]).

Peters, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied and the personal injury causes of action for conscious pain and suffering are dismissed. [*See* 15 Misc 3d 1102(A), 2007 NY Slip Op 50464(U).]