[923 NE2d 1111, 896 NYS2d 723]

Eugenia Brennan Heslin, as Administrator of the Estate of Egypt A. Phillips, Deceased, Appellant, v County of Greene et al., Respondents, et al., Defendants.

Argued January 5, 2010; decided February 11, 2010

### POINTS OF COUNSEL

*O'Connell and Aronowitz*, Albany (*Pamela A. Nichols* of counsel), for appellant. I. The infant, Egypt Phillips, and her infant distributees are entitled to an infancy toll based upon the relevant statutory scheme. (*Campbell v City of New York,* 4 NY3d 200; *Henry v City of New York,* 94 NY2d 275; *Pierson v City of New York,* 56 NY2d 950; *Barnes v County of Onondaga,* 103 AD2d 624; *Gibbons v City of Troy,* 91 AD2d 707; *McDaniel v Clarkstown Cent. School Dist. No. 1,* 110 AD2d 349; *Matter of Covert,* 97 NY2d 68; *Matter of Alexis,* 14 Misc 3d 379; *Matter of Nicpon,* 102 Misc 2d 619; *Matter of Ball,* 24 AD3d 1062.) II. The facts of this case fall squarely within the cases that have applied CPLR 208 under the unique circumstances where there is no person entitled to commence the action other than infant distributees. (*Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687; *Pulsifer v Olcott,* 63 Misc 2d 524, 41 AD2d 781; *Matter of Cruz v New York City Health & Hosps. Corp.,* 131 Misc 2d 376; *Cruz v Mount Sinai Hosp.,* 61 AD2d 915; *Baez v New York City Health & Hosps. Corp.,* 80 NY2d 571; *Ratka v St. Francis Hosp.,* 44 NY2d 604.) III. The Third Department's decision simply relied on precedents from other Appellate Divisions

erroneously decided. (*Matter of Hidalgo v New York City Health & Hosps. Corp.,* 210 AD2d 481; *Kemp v City of New York,* 208 AD2d 684; *Baker v Bronx Lebanon Hosp. Ctr.,* 53 AD3d 21; *Ratka v St. Francis Hosp.,* 44 NY2d 604; *Holmes v City of New York,* 269 App Div 95; *Matter of Mlodozeniec v Worthington Corp.,* 9 AD2d 21, 8 NY2d 918, 364 US 628; *Matter of Cruz v New York City Health & Hosps. Corp.,* 131 Misc 2d 376; *Cruz v Mount Sinai Hosp.,* 61 AD2d 915; *Boles v Sheehan Mem. Hosp.,* 178 Misc 2d 864; *Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687.) IV. The public policy of this state to protect infants in statute of limitations cases requires that the Court toll plaintiff-appellant's cause of action for conscious pain and suffering under these unique circumstances. (*Matter of Discenza v Dann OO.,* 148 AD2d 196, 75 NY2d 765; *Weed v St. Joseph's Hosp.,* 245 AD2d 713; *Henry v City of New York,* 94 NY2d 275; *Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687; *Sharrow v Inland Lines, Ltd.,* 214 NY 101; *Caffaro v Trayna,* 35 NY2d 245; *George v Mt. Sinai Hosp.,* 47 NY2d 170; *Roldan v Allstate Ins. Co.,* 149 AD2d 20.)

*Boeggeman, George & Corde, P.C.,* White Plains (*Cynthia Dolan* of counsel), for County of Greene, respondent. I. The infant distributees were not the only distributees eligible to be fiduciaries at the time of death. (*Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687; *People v Rose,* 41 AD3d 742, 9 NY3d 926; *Matter of Alexis,* 14 Misc 3d 379; *Matter of Nicpon,* 102 Misc 2d 619.) II. The infant plaintiff's personal injury causes of action are barred by the statute of limitations. (*Rivera v County of Westchester,* 188 Misc 2d 746; *Matter of Hidalgo v New York City Health & Hosps. Corp.,* 210 AD2d 481; *Kemp v City of New York,* 208 AD2d 684; *Ratka v St. Francis Hosp.,* 44 NY2d 604; *Mack v City of New York,* 265 AD2d 308; *Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687; *Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Barrett v State of New York,* 78 NY2d 1111; *Henry v City of New York,* 94 NY2d 275; *Gibbons v City of Troy,* 91 AD2d 707.)

*Thorn Gershon Tymann and Bonanni, LLP,* Albany (*Maureen S. Bonanni* and *Erin Mead* of counsel), for County of Greene Department of Social Services and another, respondents. I. Plaintiff lacks standing to bring a conscious pain and suffering cause of action. (*Brandon v Columbian Mut. Life Ins. Co.,* 264 AD2d 436; *New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207; *Levi v Myrthil,* 21 AD3d 350; *Central N.Y. Coach Lines, Inc. v Syracuse Herald Co.,* 277 NY 110; *Ratka v*

*St. Francis Hosp.*, 44 NY2d 604; *Lancaster v 46 NYL Partners*, 228 AD2d 133; *Jae Woo Yoo v New York City Health & Hosps. Corp.*, 239 AD2d 267; *People v Knowles*, 88 NY2d 763; *Matter of Swantz v Planning Bd. of Vil. of Cobleskill*, 34 AD3d 1159; *Matter of Allen v Strough*, 301 AD2d 11.) II. Plaintiff's conscious pain and suffering claim against the municipal defendants is barred by the applicable statute of limitations. (*Miller v County of Sullivan*, 36 AD3d 994; *Campbell v City of New York*, 4 NY3d 200; *Barnes v County of Onondaga*, 65 NY2d 664; *Gibbons v City of Troy*, 91 AD2d 707; *Ratka v St. Francis Hosp.*, 44 NY2d 604; *Rivera v County of Westchester*, 188 Misc 2d 746; *Matter of Hidalgo v New York City Health & Hosps. Corp.*, 210 AD2d 481; *Kemp v City of New York*, 208 AD2d 684; *Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21; *Vasquez v Wood*, 190 Misc 2d 427.) III. Permitting an infancy toll in this case would be contrary to the statutory scheme. (*Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687.) IV. Even applying an infancy toll, the conscious pain and suffering cause of action is time-barred. (*Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687; *Matter of Boles v Sheehan Mem. Hosp.*, 265 AD2d 910; *Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21; *Weed v St. Joseph's Hosp.*, 245 AD2d 713; *Tuyet Ngoc Nguyen v 230 Park Invs., LLC*, 19 AD3d 295; *Matter of Rivera v Westchester County Med. Ctr.*, 222 AD2d 680; *Cherry v Mallery*, 280 AD2d 860; *Ritchie v Felix Assoc., LLC*, 60 AD3d 402; *Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571; *Matter of James MM. v June OO.*, 294 AD2d 630.) V. Public policy does not require the application of the infancy toll to the facts of this case. (*Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725; *Brill v City of New York*, 2 NY3d 648; *Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399.)

*Michael A. Cardozo, Corporation Counsel*, New York City (*Leonard Koerner* and *Stephen J. McGrath* of counsel), for City of New York and another, amici curiae. The Appellate Division correctly determined that the statute of limitations applicable to decedent's cause of action for personal injuries barred the application for leave to serve a late notice of claim. There is no legal basis for application of any toll or extension of the statute of limitations other than the one-year extension provided in CPLR 210 (a), which, in this case, was not needed. (*Pierson v City of New York*, 56 NY2d 950; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256; *Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687; *Ratka v St. Francis Hosp.*, 44 NY2d 604; *Matter of Hidalgo v New York City Health & Hosps.*

*Corp.*, 210 AD2d 481; *Kemp v City of New York*, 208 AD2d 684; *Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21; *Gordon v Gordon*, 110 AD2d 623; *Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38; *Liff v Schildkrout*, 49 NY2d 622.)

**OPINION OF THE COURT**

GRAFFEO, J.

In this case, we conclude that the special infancy toll applicable in wrongful death actions involving sole infant distributees under *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687 [1991]) is not available for personal injury claims. We therefore affirm the order of the Appellate Division.

Plaintiff Eugenia Brennan Heslin is the administrator of the estate of the decedent, Egypt Phillips. Egypt, born in May 2001, lived with her two young sisters and their mother Tanya Rose. Egypt's biological father, a convicted felon, had abandoned her. In early 2004, Rose's boyfriend, James Smith, moved in with the family. In May and again in August 2004, Egypt was taken to health care facilities for treatment of various injuries, including a broken clavicle and head trauma. According to plaintiff, these instances of suspected abuse were reported to defendants County of Greene, County of Greene Mental Health, County of Greene Department of Social Services and/or County of Greene Child Protective Services (collectively, the County defendants). Following the August incident, Smith was apparently ordered to leave the family home. However, on November 21, 2004, Egypt died tragically as a result of injuries intentionally inflicted upon her by Smith.

About two weeks later, Smith and Rose were each charged in connection with Egypt's death. Rose pleaded guilty to criminally negligent homicide and was subsequently sentenced to a prison term of 1 1/3 to 4 years. Following a jury trial, Smith was convicted of second-degree murder and sentenced to a term of 25 years to life imprisonment.

In December 2004, shortly after Egypt's death, plaintiff was appointed as the attorney for the children, Egypt's sisters, in connection with an abuse and neglect proceeding pending in Family Court against Smith and Rose. In addition to serving as attorney for the children (formerly referred to as a law guardian) in Family Court, Surrogate's Court appointed her as the administrator of Egypt's estate in October 2006.

Until plaintiff's application, no one had petitioned Surrogate's Court to handle the administration of Egypt's estate under

SCPA 1001 and 707. Rose and the biological father were each disqualified because of their felony status (see SCPA 707 [1] [d]). Although the task would have ordinarily fallen to Egypt's siblings under the priority of decedent's relatives established in SCPA 1001 (1), they too were ineligible based on their infancy (see SCPA 707 [1] [a]). Because no other relative sought to be appointed guardian for the siblings under article 17 of the SCPA, they had no adult representative who could function as the administrator or consent to anyone else assuming that role (see SCPA 1001 [2], [6]). Out of concern for the fate of Egypt's siblings, plaintiff pursued appointment as administrator pursuant to the fallback provision of SCPA 1001 (8) (b), allowing any qualified "petitioner" to become an administrator in the court's discretion.

In the course of fulfilling her duties as attorney for the children and administrator of Egypt's estate, plaintiff determined that Egypt's siblings had potential claims against the County defendants and private individuals based on their alleged negligence contributing to Egypt's death at the hands of Smith. On November 16, 2006, plaintiff served a notice of claim on the County defendants in her capacity as administrator of Egypt's estate. Five days later, plaintiff commenced this action against the County defendants alleging causes of action for wrongful death and personal injury.[1] Any damages recovered would ultimately benefit the siblings as Egypt's sole distributees by intestacy.[2] Plaintiff simultaneously moved pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim for the personal injury cause of action.

Supreme Court granted the motion and extended the time to serve the notice of claim to November 16, 2006, the date it was actually filed (15 Misc 3d 1102[A], 2007 NY Slip Op 50464[U]). Initially, the court determined that the wrongful death claim was timely because the notice of claim was filed within 90 days from plaintiff's appointment as administrator and the action was commenced within two years of Egypt's death, as required by statute (see General Municipal Law § 50-e [1] [a]; § 50-i [1]).

1. Plaintiff also sued Early Childhood Learning Center of Greene County (Egypt's preschool) and Catalina Alegre, M.D. (Egypt's pediatrician). Those causes of action are not at issue on this appeal.

2. Rose cannot qualify as a distributee because of her culpable conduct contributing to Egypt's death (see Matter of Covert, 97 NY2d 68, 74 [2001]). Egypt's biological father is similarly disqualified because he abandoned her (see EPTL 4-1.4 [a] [1]).

Turning to the personal injury cause of action, the court found that the notice of claim was untimely because it was not filed within 90 days after the claim arose. Recognizing that it lacked the discretion to extend the time beyond the expiration of the applicable one-year-and-90-day limitations period, the court relied on our decision in *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687 [1991]) to conclude that the toll afforded by CPLR 208 applied, based on the infancy of Egypt's siblings, and, as a result, the statute of limitations did not begin to run until plaintiff's appointment as administrator in October 2006. In *Hernandez*, this Court held that the CPLR 208 infancy toll applies when an infant is the sole distributee in a wrongful death action. Relying on the factors in General Municipal Law § 50-e (5), the court granted plaintiff leave to file the late notice of claim.

The Appellate Division reversed and dismissed the personal injury claim, but agreed that the wrongful death claim was timely (53 AD3d 996 [3d Dept 2008]).[3] The court held that Supreme Court lacked discretion to enlarge the time to serve the late notice of claim because the personal injury claim was time-barred, reasoning:

> "Supreme Court's reliance on the infancy toll of CPLR 208, on behalf of decedent's infant distributees, to extend the statute of limitations on the personal injury claim was not proper inasmuch as such a claim is brought on behalf of decedent and is personal to her, not her surviving infant distributees" (*id.* at 998).

We granted plaintiff leave to appeal (12 NY3d 702 [2009]).

EPTL 11-3.2 (b), referred to as the "survival statute," provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent."[4] As a condition precedent to initiating a personal injury action against a municipality, a notice of claim must be

---

3. The wrongful death cause of action remains pending and is not at issue before us.

4. Before 1935, although a decedent's claims based in contract and injury to property survived and could be maintained by the estate's representative, any personal injury cause of action abated upon death (*see Herzog v Stern,* 264 NY 379, 383 [1934], *cert denied* 293 US 597 [1934]; *see also* former Decedent Estate Law §§ 116, 117, 118, 119, 120). Recognizing the inequity in treating

served within 90 days after the claim arises (*see* General Municipal Law § 50-e [1] [a]). The action must also be commenced within the statutorily prescribed one-year-and-90-day limitations period (*see* General Municipal Law § 50-i [1]). Although a court is authorized to extend the filing of a notice of claim beyond the 90-day period, the time for filing may not be extended beyond the expiration of the applicable statute of limitations (*see* General Municipal Law § 50-e [5]).

In this case, Egypt first sustained injuries at some point in early 2004 and died on November 21, 2004. Since a notice of claim was not filed within 90 days of her death, leave to file a late notice was necessary. The personal injury claim accrued no later than the date of her death and, absent the application of a toll, the one-year-and-90-day limitations period expired in February 2006. Because the request for leave to file a late notice was not made within that time frame, as mandated by General Municipal Law § 50-e (5), an extension of time to file such notice is not statutorily authorized unless the limitations period was tolled.

Plaintiff asserts that the statute of limitations for the personal injury cause of action was tolled under CPLR 208 due to the infancy of Egypt's sole distributees—her sisters.[5] In particular, plaintiff submits that Supreme Court appropriately applied the rationale of *Hernandez*, which held that CPLR 208 tolls the statute of limitations where the sole distributee in a wrongful death action is an infant, to this personal injury claim. While the dissent adopts this position, we cannot agree based on the fundamental distinction between the natures of the two claims.

In *Hernandez*, the decedent died intestate in April 1987 in a facility operated by defendant New York City Health and Hospitals Corporation, leaving her infant son as her sole distributee. Letters of guardianship were issued to the infant's grandmother in December 1987 and an administrator of the

personal injury claims differently, the Legislature amended the relevant statutes in 1935 to provide that such claims also survive a decedent's death (*see* L 1935, ch 795; *see also* former Decedent Estate Law §§ 118, 119, presently codified at EPTL 11-3.2). Consequently, all tort and contract actions that belonged to a decedent may now be maintained by the estate's personal representative (*see* EPTL 11-3.1, 11-3.2).

5. CPLR 208 provides, in relevant part: "If a person entitled to commence an action is under a disability because of infancy . . . at the time the cause of action accrues, and the time otherwise limited for commencing the action . . . is less than three years, the time shall be extended by the period of disability."

estate was appointed with the guardian's consent later that month. In February 1988, the administrator was granted leave to file a late notice of claim. But she did not commence a wrongful death action until December 1988, more than one year and 90 days after decedent's death.[6] The defendant moved to dismiss the wrongful death action as time-barred. On appeal, a majority of this Court concluded that the action was timely by virtue of the CPLR 208 infancy toll, holding that where the only distributee is an infant, the distributee's infancy serves to toll the limitations period "until the earliest moment there is a personal representative or potential personal representative who can bring the action," which the Court stated would occur upon the "appointment of a guardian or majority of the distributee, whichever occurs first" (78 NY2d at 693).

In reaching this result in *Hernandez*, we were careful to limit our analysis to wrongful death actions authorized by EPTL 5-4.1, emphasizing that such claims belong to a decedent's distributees rather than the estate standing in place of the decedent. For example, we observed that "any damages recovered are exclusively for the benefit of the decedent's distributees" and that "the cause of action is not part of and bears no legal relationship to decedent's estate" (*id.* [internal quotation marks and citations omitted]). Moreover, any damages must be "measured by the effect of the wrongful act on the distributees—the pecuniary loss suffered by the individual distributees as a result of decedent's death" (*id.*). In contrast, we noted that a personal injury action brought under EPTL 11-3.2 (b) seeks damages for an injury to the decedent and belongs to the estate. Finally, we stressed that in a wrongful death case involving a sole infant distributee, it is the "infant child who has suffered any loss recognized by law" (*id.*).

Hence, even though CPLR 208 applies when the "person entitled to commence an action is under a disability because of infancy"—and the person entitled to bring a wrongful death claim under EPTL 5-4.1 is the estate's "personal

---

**6.** At the time, a wrongful death claim against the New York City Health and Hospitals Corporation was governed by a one-year-and-90-day statute of limitations. A two-year limitations period now applies to such wrongful death claims (*see* McKinney's Uncons Laws of NY § 7401 [2] [L 1969, ch 1016, sec 1, § 20 (2), as amended by L 1990, ch 804, § 122]).

representative'"[7]—in *Hernandez* we employed the CPLR 208 toll based on the infancy of the distributee himself. In that unique context, where no personal representative was otherwise available, it was reasonable to look to the distributee's infancy status because the wrongful death claim belonged to him and would compensate him for damages that he directly sustained as a result of his mother's death. As we put it, the distributee was "the only person . . . whose interests are at stake in bringing this [wrongful death] action" (78 NY2d at 693). In effect, we treated the distributee as the plaintiff under the tolling statute because, for all intents and purposes, the claim was his own.

Following *Hernandez*, Appellate Division case law has consistently declined to extend the toll rule fashioned in *Hernandez* outside the wrongful death context (*see Matter of Hidalgo v New York City Health & Hosps. Corp.*, 210 AD2d 481, 482-483 [2d Dept 1994]; *Kemp v City of New York*, 208 AD2d 684, 686 [2d Dept 1994]; *see also Baker v Bronx Lebanon Hosp. Ctr.*, 53 AD3d 21, 23 [1st Dept 2008]).[8] These courts recognized that, unlike a wrongful death claim that directly compensates a decedent's distributees for their own damages, a personal injury claim is designed to compensate the decedent for injuries suffered and is personal to the deceased—in other words, it is a claim assumed by the estate.

In the present case, the Appellate Division acted in accord with these precedents (*see Heslin v County of Greene*, 53 AD3d 996, 998 [3d Dept 2008]), and we believe it correctly drew a distinction between the two causes of action in holding that *Hernandez* should be limited to the wrongful death arena. As we explained in *Hernandez* itself, a wrongful death action belongs to the decedent's distributees and is designed to compensate the distributees themselves for their pecuniary losses as a result of the wrongful act (*see* EPTL 5-4.3). The proceeds are paid directly to the distributees in the proportions directed by the court, determined by their respective monetary injuries (*see* EPTL 5-4.4). In comparison, a personal injury

---

7. "Personal representative" is defined as "a person who has received letters to administer the estate of a decedent" (EPTL 1-2.13). When a decedent dies intestate, the administrator is the estate's personal representative.

8. We, too, have declined to read *Hernandez* broadly. Notably, we did not see fit to apply the *Hernandez* toll on behalf of infant beneficiaries of a wrongful death claim where the decedent's will named an executrix who could have timely commenced an action on the infants' behalf (*see Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571, 576-577 [1992]).

action on behalf of the deceased under EPTL 11-3.2 (b) seeks recovery for the conscious pain and suffering of the deceased and any damages awarded accrue to the estate (*see Ratka v St. Francis Hosp.*, 44 NY2d 604, 609 [1978]). Such a claim is personal to the deceased and belongs to the estate, not the distributees. The types of damages that are recoverable are different and the calculations of damages for the two claims are based on separate factors.

Moreover, because it is the estate that recovers in a personal injury action, any proceeds will first be applied to outstanding liens, debts or expenses (*see* EPTL 4-1.1, 13-1.3; SCPA 1811). Only after the obligations of the estate are fulfilled would any remaining funds be paid to beneficiaries or distributees. This is in stark contrast to the damages recoverable in a wrongful death action, where any proceeds are generally not subject to the claims of the estate's creditors (*see* 9 Warren's Heaton, Surrogate's Court Practice § 122.02 [4] [c], at 122-42 [7th ed]). In short, the two causes of action are "predicated on essentially different theories of loss which accrue to different parties" (*Ratka*, 44 NY2d at 609).[9]

Unlike the infant distributee in *Hernandez*, who was the only party that "suffered any loss recognized by law" as the beneficiary of a wrongful death claim (*Hernandez*, 78 NY2d at 693), the infant distributees here do not seek to recover their own damages through a personal injury claim. Rather, they hope to inherit through intestacy any damages that their sister would have been entitled to had she survived. The rationale underlying *Hernandez*—that a court may take into account the infancy of the distributee because the wrongful death claim belongs to and is for the "sole benefit" of the distributee (*id.* at 694 n 5)— simply does not apply here, despite the sympathetic plight of Egypt's siblings. Put differently, the necessary connection between infant distributees and a personal injury action brought on behalf of the deceased under EPTL 11-3.2 (b) is missing since such a claim redresses a wrong suffered by the deceased, not the distributees.

Plaintiff nevertheless urges that the tolling rule adopted by *Hernandez* should apply with equal force to personal injury

---

**9.** The dissent criticizes our reliance on *Ratka* in emphasizing that wrongful death claims are materially different from personal injury actions. But the dissent fails to acknowledge that in *Hernandez* itself the Court focused on the unique qualities of a wrongful death claim and explicitly distinguished it from a personal injury action available pursuant to EPTL 11-3.2 (b).

actions because EPTL 11-3.2 (b), like EPTL 5-4.1, authorizes a "personal representative" to bring the action and, in this case, Egypt's siblings would be the ultimate beneficiaries of any damages recovered under either claim. Plaintiff points out that no personal representative existed to bring the personal injury action until her appointment as administrator in October 2006, after the statute of limitations had expired. Despite that unfortunate occurrence, we cannot disregard the fundamental legal distinction between the two causes of action, and the argument of the plaintiff and dissent would result in a rule that is unsupported by the key jurisprudential underpinning of *Hernandez*—the unique status of a distributee as the direct beneficiary and source of a wrongful death claim.

In fact, it is notable that EPTL 11-3.1, a catchall provision, similarly enables a "personal representative" to commence all other types of action that survive the decedent's death. Taken to its logical conclusion, plaintiff's position would result in the application of the CPLR 208 toll to any cause of action belonging to a decedent—adult and infant alike—who leaves only infant distributees. A decedent's personal claims could potentially be pursued more than a decade later on the basis that an infant distributee would be entitled to any damages recovered by the estate through intestate succession.[10] The adoption of such a rule, impinging on the settled policies underlying statutes of repose, must be made by the Legislature.

We therefore conclude that Supreme Court improperly relied on the CPLR 208 toll to permit a late notice of claim for the personal injury action based on the infancy of the decedent's siblings. Because the applicable statute of limitations expired before the filing of a late notice of claim, the Appellate Division correctly denied the motion and dismissed the personal injury claim.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

CIPARICK, J. (dissenting). Because I believe that plaintiff,

---

**10.** For example, suppose the adult decedent in *Hernandez* possessed a breach of contract claim against XYZ Corporation. Under the rule proposed by plaintiff, an action to recover contract damages could hypothetically be brought approximately 11 years after the decedent's death based on the distributee's infancy even though the claim belonged to the decedent, not the distributee. But the distributee's infancy should be irrelevant under CPLR 208, which provides a toll based on the plaintiff's infancy, not the infancy of a distributee who inherits through intestacy any damages accruing to the estate.

administrator of the estate of the infant decedent whose sole distributees are her infant sisters, is entitled to the infancy toll pursuant to CPLR 208 in this personal injury action as we applied it in *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687 [1991]), I respectfully dissent.

Here, as in *Hernandez*, the decedent died intestate, survived only by infant distributees. However, the majority opines that the rule we announced in *Hernandez* cannot apply to a personal injury cause of action for conscious pain and suffering because of the "fundamental distinction between the natures" of personal injury claims and wrongful death claims (majority op at 74). The majority observes that the two claims are predicated on different theories of loss and are compensable by different measures of damages (*see id.* at 76-77). Specifically, the majority states that a personal injury cause of action for conscious pain and suffering is "personal to the deceased and belongs to the estate, not the distributees" (*id.*). The majority concludes that the adoption of a rule expanding *Hernandez* to claims other than wrongful death must be accomplished by the Legislature (*see id.* at 78). I disagree because I believe the statutory scheme and the rationale of *Hernandez* compel a different result.

The survival statute, EPTL 11-3.2 (b), provides, in relevant part: "No cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent." Thus, pursuant to the plain language of the survival statute, a personal injury claim survives the decedent's death.

CPLR 208 provides in pertinent part:

> "If a person *entitled to commence an action* is under a disability because of infancy . . . at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs; if the time otherwise limited is less than three years, the time shall be extended by the period of disability" (emphasis added).

Notably, CPLR 208 does not limit the toll to causes of action

that are "personal" to the infant (majority op at 77). Rather, the person under the disability of infancy must only be "entitled to commence [the] action" (CPLR 208).

In *Hernandez*, we considered the difficult circumstance presented by "[t]he confluence of the pertinent EPTL, SCPA and CPLR provisions" in a wrongful death case where the sole distributee of an estate was an infant (78 NY2d at 693). We eschewed the "unnecessarily harsh result" reached by a "mechanical application of CPLR 208" and instead applied the infancy toll "until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first" (*id.*). We determined in *Hernandez* that what "[u]ltimately" tipped the balance in favor of extending the CPLR 208 toll to permit the wrongful death claim to proceed was "the infancy of the sole distributee" (*id.* at 694). That same consideration should tip the scale here, where no person was entitled to commence the action other than the infant distributees until the appointment of Heslin as administrator.

The existing statutory scheme supports the conclusion that the personal injury claim be permitted to move forward. EPTL 11-3.2 (b), the survival statute, contemplates the transfer of a cause of action to another—i.e., the decedent's personal representative (*see also Matter of Meng*, 227 NY 264, 277 [1919] [cause of action "belongs to or is vested in the person or persons who has or have the lawful right to prosecute it"]). The practical consequence of the survival statute is to sever a personal injury claim from the decedent and transfer it to the personal representative. *Ratka v St. Francis Hosp.* (44 NY2d 604, 609 [1978]), a case relied on by the majority, is not to the contrary. *Ratka* drew a distinction between personal injury and wrongful death causes of action for the purpose of determining finality when considering our jurisdiction and concluded that the two causes of action were "materially separate and distinct" and "predicated on essentially different theories of loss which accrue to different parties" (*id.* at 609).* *Ratka* never drew the distinction for purposes of applying an infancy toll, which we

---

* The finality analysis we employed in *Ratka* is no longer good law (*see Burke v Crosson*, 85 NY2d 10, 16-17, 17 n 3 [1995] ["where a negligence cause of action has been dismissed but there remain other claims for relief based on the same transaction or transactions, the doctrine of implied severance is not available"]).

draw here. Of course, there is no question that the two causes of action are different and are "predicated on . . . different theories" (44 NY2d at 609). The question here is whether, for the purposes of applying the CPLR 208 infancy toll as we did in *Hernandez*, there is any legal or logical basis to treat the causes of action differently. I submit there is not.

Egypt's infant sisters, who would have priority to serve as personal representatives of the decedent here (*see* EPTL 1-2.13; SCPA 1001)—and who would thus be "entitled to commence [the] action" (CPLR 208)—are unable to serve in that capacity by virtue of their infancy. In *Hernandez*, we remedied that unique legal situation by applying the CPLR 208 infancy toll until the appointment of a guardian or the majority of the distributee. We did that because the only person "whose interests [we]re at stake in bringing th[e] action" was the sole infant survivor of the decedent (78 NY2d at 693). Here, contrary to the majority's assertions, the only real parties in interest to both the personal injury claim and the wrongful death claim are Egypt's infant sisters—the only persons who can inherit from her estate and who will benefit from the outcome of both the personal injury and wrongful death claims.

The practical consequences of allowing a personal injury claim to go forward, other than the possibility of a larger damages award to the infant distributees, are minimal. The infant distributees are no differently situated with respect to the personal injury claim than they are with respect to the wrongful death claim. For both causes of action, they will be the sole beneficiaries of any damages. The majority would deny the infant plaintiffs the benefit of the CPLR 208 toll, as we applied it in *Hernandez*, merely because any damages must first pass through the estate. It is interesting to note that the plaintiff in *Hernandez* was also the personal representative of the estate.

The majority draws a line where the statutory structure does not support one, apparently out of concern that applying *Hernandez* to personal injury claims will lead to "the application of the CPLR 208 toll to any cause of action belonging to a decedent—adult and infant alike—who leaves only infant distributees" (majority op at 78). However, certain causes of action already continue after death by reason of legislative act (*see* EPTL 11-3.2 [b]), and there exists a legislative determination that those under the disability of infancy are entitled to a toll of the statute of limitations to protect their interests. No purpose is thus served by denying this very narrow class of

claimants—infants who are the sole distributees of a decedent—the benefits of these legislative determinations. I respectfully dissent and would reverse the order of the Appellate Division and reinstate the order of Supreme Court granting plaintiff's motion, pursuant to General Municipal Law § 50-e (5), for leave to file a late notice of claim.

Judges READ, SMITH and PIGOTT concur with Judge GRAFFEO; Judge CIPARICK dissents and votes to reverse in a separate opinion in which Chief Judge LIPPMAN and Judge JONES concur.

Order affirmed, with costs.