OPINION OF THE COURT
Kaye, J.
In this wrongful death action, the complaint was served after expiration of the one-year 90-day Statute of Limitations then applicable to claims against the New York City Health *689 and Hospitals Corporation. The action was dismissed as untimely by the trial court and reinstated by the Appellate Division. This appeal requires us to determine whether the Statute of Limitations was tolled by the infancy of the sole distributee of decedent’s estate.
I.
In March 1987, Laura Morales — the decedent — was admitted to North Central Bronx Hospital, a facility owned and operated by defendant Health and Hospitals Corporation.[1] Decedent died intestate on April 8, 1987, leaving her infant son as her sole distributee. Also surviving were several of decedent’s siblings and her mother.
Letters of guardianship were issued to Margarita Colon, the infant’s grandmother, on December 22, 1987. Upon issuance of the letters of guardianship, the guardian renounced her right to letters of administration and sought leave of court to have Magali Hernandez, decedent’s niece, appointed administratrix of the estate. On December 31, 1987, the Surrogate issued limited letters of administration to Magali Hernandez, granting her authority to commence the present action.
In February 1988, plaintiff was granted leave to file a late notice of claim, and the present action was commenced on December 16, 1988. Thereafter, defendant moved to dismiss the claim as time-barred, asserting that the action was not commenced within one year and 90 days of death as required by McKinney’s Unconsolidated Laws of NY § 7401 (2) (New York City Health and Hospitals Corporation Act § 20 [2] [L 1969, ch 1016, § 1]). Plaintiff responded that the limitations period was tolled during pendency of the motion for leave to file a late notice of claim and by the infancy of decedent’s sole distributee. Supreme Court granted defendant’s motion to dismiss, holding that pendency of the motion would have tolled the Statute of Limitations for only one month (from January to February 1988), and that the infancy toll was inapplicable because there were other distributees who could have promptly filed for letters of administration.
The Appellate Division modified, reinstating the complaint as to defendant. The court held that the Statute of Limitations on the wrongful death claim was tolled until the guard *690 ian was appointed; where the sole distributee is an infant, no one is eligible to receive letters of administration and bring a wrongful death action as personal representative of the estate until a guardian is appointed. Further, the court noted Supreme Court’s error in concluding that there were other distributees as neither decedent’s siblings nor her mother were entitled to share in the estate under the distribution scheme set out in the Estates, Powers and Trusts Law. Finally, the court overruled its own prior decision in Cruz v Mount Sinai Hosp. (61 AD2d 915) to the extent inconsistent with its holding in the present case.
The Appellate Division granted leave to appeal, certifying the following question: "Was the order of this Court, which modified the order of the Supreme Court, properly made?” We now answer that question in the affirmative, concluding that the Statute of Limitations was tolled until the appointment of the infant’s guardian.
II.
Under the EPTL, plaintiffs have two years, measured from the date of death, in which to bring a wrongful death action (EPTL 5-4.1). At the time the present action was commenced, however, a one-year 90-day Statute of Limitations applied to actions brought against this municipal defendant (Unconsolidated Laws § 7401 [2]; Brennan v City of New York, 59 NY2d 791).[2] Unless that limitations period was tolled, plaintiff’s action — commenced one year and eight months after decedent’s death — was not timely.
Under the CPLR, where the "person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues” the Statute of Limitations is tolled (CPLR 208).[3] The problem arises in the application of *691 this toll to the wrongful death cause of action. The "person entitled to commence” a wrongful death action is not the decedent’s distributee — who is the beneficiary of the claim— but the decedent’s personal representative (see, EPTL 5-4.1). Is the infancy of the sole distributee a disability attributable to the "person entitled to commence an action” in the unusual situation where no personal representative can be appointed to bring a wrongful death action until the infant obtains a guardian?
Defendant argues that we answered that question in Ratka v St. Francis Hosp. (44 NY2d 604) and Mossip v Clement & Co. (256 App Div 469, affd 283 NY 554). However, neither case decided the issue before us.
In both Mossip and Ratka, the decedents were survived by adult distributees. In Ratka, this Court affirmed an Appellate Division decision that held no infancy toll was available to the surviving child where there existed, at the time of decedent’s death, next of kin who were under no disability to receive letters of administration (44 NY2d, at 608, affg 54 AD2d 587).
The parties differ on the meaning of "next of kin” as used in Ratka. Plaintiff would limit those words to distributees; defendant would read them to include a decedent’s relatives— here, for example, her mother, siblings and niece.
Ratka, like judicial opinions generally, should be read in light of its facts (see, e.g., Crane v Bennett, 177 NY 106, 112) and limited to situations where — as in that case — there are other distributees who qualify for letters of administration. Indeed, the definition of "distributee” replaced that of "next of kin” in the relevant statute (compare, former Decedent Estate Law § 134 ["next of kin” defined as those entitled under the relevant distribution laws to share in the assets of the decedent], with EPTL 1-2.5 [defining "distributees” as those entitled to share in the property of a decedent under the governing distribution statutes]; see also, Rohan, Practice Commentary, McKinney’s Cons Laws of NY, Book 17B, EPTL 1-2.5, at 14). Clearly, the Court in Ratka referred to the adult distributee when it noted that other "next of kin” were under no disability to receive letters of administration.
Nor is Mossip dispositive of the question we now confront. Mossip held that a " 'right of action belongs to or is vested in the person or persons who has or have the lawful right to prosecute it.’ ” (256 App Div, at 473, supra, quoting Matter of Meng, 227 NY 264, 277.) It followed that no infancy toll could *692 apply where the person entitled to bring the wrongful death action was the personal representative, not the infant distributee. However, in Mossip there was another eligible distributee, who had a right to letters of administration and thus the right to become personal representative. The rationale of Mossip does not control the present case, where no one had or could have had the "lawful right to prosecute” the action until a guardian was appointed for the person otherwise entitled to assume that role.
The question before us thus remains an open one in this State.[4]
III.
In resolving the question, we look first to the relevant statutory scheme. The wrongful death cause of action in New York is exclusively statutory, the first such statute having been enacted in 1847 (L 1847, ch 450; see also, NY Const, art I, § 16). We have no common-law cause of action for wrongful death (see, Ratka v St. Francis Hosp., 44 NY2d 604, 612, supra).
Under the wrongful death statute, a decedent’s personal representative may maintain the action for the benefit of the distributees of the estate (EPTL 5-4.1; see also, 5-4.4). "Personal representative” is defined as "a person who has received letters to administer the estate of a decedent” (EPTL 1-2.13).
Under the SCPA, distributees have a prior right to letters of administration (SCPA 1001); an infant, however, is ineligible to receive such letters (SCPA 707 [1] [a]). Thus, as the Appellate Division observed, "where the sole distributee is an infant, no one is eligible to receive letters of administration until such time as a guardian is appointed.” (169 AD2d 535, 536; see also, SCPA 1001 [2], [6].) It follows that in the present case, at the time of decedent’s death, no one could be granted letters of administration — and consequently no one could com *693 menee the wrongful death action — until a guardian was appointed for the child.
The confluence of the pertinent EPTL, SCPA and CPLR provisions in this case thus gives rise to an unusual — perhaps unique — problem. EPTL 5-4.1 grants the personal representative procedural authority to bring the wrongful death claim; SCPA 1001 and 707 make it impossible for anyone to assume that role until a guardian is appointed for the infant sole distributee; and CPLR 208 speaks of tolling the Statute of Limitations when the person entitled to bring the action is under a disability at the time of accrual. In that a wrongful death action accrues at the time of death, mechanical application of CPLR 208 is impossible unless the position of the infant/sole distributee under the SCPA is ignored. We decline to reach that unnecessarily harsh result, and instead would construe the toll of CPLR 208 to apply until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first.
What should not be lost in the maze of statutes is that the person — the only person — whose interests are at stake in bringing this action is decedent’s child. Though a wrongful death action technically must be brought by the personal representative to ensure order in settling decedent’s affairs, any damages recovered are "exclusively for the benefit of the decedent’s distributees”; the cause of action is not part of and bears no legal relationship to decedent’s estate (EPTL 5-4.4; Hamilton v Erie R. R. Co., 219 NY 343, 350). The personal representative is a "mere nominal party,” acting in the capacity of trustee or agent for the beneficiaries (Hamilton v Erie R. R. Co., supra, at 351; see also, Central N. Y. Coach Lines v Syracuse Herald Co., 277 NY 110, 113-114). Damages are measured by the effect of the wrongful act on the distributees —the pecuniary loss suffered by the individual distributees as a result of decedent’s death (see, George v Mt. Sinai Hosp., 47 NY2d 170, 176; Matter of Meekin v Brooklyn Hgts. R. R. Co., 164 NY 145; EPTL 5-4.3; compare, EPTL 11-3.2 [action for injury to person of decedent belonging to decedent’s estate]).
Thus, in the present case it is decedent’s infant child who has suffered any loss recognized by law, who is entitled to all proceeds of the action, and who will bear the full burden of dismissal of the claim. Moreover, as decedent’s distributee, the *694 child would be in the group — indeed the sole member of the group — from which the personal representative would ordinarily be chosen.
Given these circumstances, we conclude that the infant/sole distributee should have the benefit of the toll provided by CPLR 208. We note that other courts considering this issue have reached a similar conclusion (see, Pulsifer v Olcott, 63 Misc 2d 524, affd 41 AD2d 781; Matter of Cruz v New York City Health & Hosps. Corp., 131 Misc 2d 376; see also, Stutz v Guardian Cab Co., 273 App Div 4 [applying military service toll to sole distributee]).
This result strikes the appropriate balance among competing policy considerations. On the one hand, Statutes of Limitation serve to bar stale claims, adding an element of certainty to human affairs (see, Ratka v St. Francis Hosp., 44 NY2d, at 612, supra; Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429). Against this important interest must be weighed the fairness of not unreasonably denying a claimant the right to assert a claim (see, Caffaro v Trayna, 35 NY2d 245, 250; see also, Carlucci, Time For a Change: The Infancy Toll and Wrongful Death Actions, 60 NY St BJ 18 [Apr. 1988]). Ultimately, what distinguishes this case and requires that the balance be weighed in claimant’s favor is the infancy of the sole distributee.
We underscore that the Statute of Limitations is tolled only until appointment of a guardian or the majority of the sole distributee, whichever is earlier, when letters of administration may issue and a personal representative may assume the role of plaintiff. That is the first time there exists a potential personal representative entitled to "commence an action” (see, CPLR 208; SCPA 1001 [2], [6]). Establishing the earliest time for removal of the disability in the unusual situation presented accommodates both the interests of the infant and those of society in barring stale claims.[5]
*695 Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

. The City of New York and several individual physicians were also named as defendants. Those parties have been dismissed from the suit and no appeal has been taken.

. That has since been changed. Effective August 24, 1990, a two-year Statute of Limitations applies to wrongful death claims against the Health and Hospitals Corporation (L 1990, ch 804, § 122).

. The two-year limitation is a limitation on the remedy, not the right (see, Ratka v St. Francis Hosp., 44 NY2d 604, 611; Sharrow v Inland Lines, 214 NY 101, 110). Therefore, although the statute creating the cause of action itself limits the time for bringing suit, it is treated as an ordinary Statute of Limitations — subject to any relevant tolling provision — rather than a condition precedent to suit (see, Carrick v Central Gen. Hosp., 51 NY2d 242, 253, n 5; see generally, Siegel, NY Prac § 34, at 38 [Prac 2d ed]). The one-year 90-day Statute of Limitations is similarly subject to the tolls provided in CPLR article 2 (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 259).

. Courts elsewhere have considered the applicability of infancy tolls to wrongful death actions (see generally, Annotation, Minority of Surviving Children as Tolling Limitation Period in State Wrongful Death Action, 85 ALR3d 162), reaching different conclusions (compare, Haakanson v Wakefield Seafoods, 600 P2d 1087 [Alaska]; Hun v Center Props., 63 Haw 273, 626 P2d 182 [applying infancy toll], with Huntington v Samaritan Hosp., 101 Wash 2d 466, 680 P2d 58; Wyatt v Spartan Mill Co., 287 SC 334, 338 SE2d 341 [refusing to apply the infancy toll]). In that the laws as well as the facts vary, these cases are of limited utility in our analysis.

. Addressing the dissent, it is indeed a curious basis for criticism that a court would seek to avoid unnecessarily harsh results, especially in the present circumstances. Reading CPLR 208 in isolation, the dissent would dismiss the infant’s claim because the representative is not under the disability of infancy. What representative? That the SCPA also controlled, precluding the possibility of there being a representative until appointment of a guardian, is virtually ignored by the dissent and precisely the source of the problem. The Court’s solution — to apply the CPLR 208 toll until there is some person "entitled to commence an action” — is hardly remarkable where the claim is for the infant’s sole benefit and but for his infancy he would otherwise be the representative.