■ In the Matter of JOSE RIVERA, Respondent, v WESTCHESTER COUNTY MEDICAL CENTER, Appellant. [635 NYS2d 677] —In a proceeding to vacate a notice of claim as untimely, Westchester County Medical Center appeals from an order of the Supreme Court, Westchester County (Wood, J.), entered July 27, 1994, which denied its application to vacate the notice of claim and granted the respondent's cross motion to, in effect, deem the late notice of claim to have been timely served and filed.

Ordered that the order is affirmed, without costs or disbursements.

The claimant, Jose Rivera, and the decedent, Nely Marin Villarreal, a/k/a Nelly Marin Villarreal, are the parents of Joseph Justin Rivera. The decedent died on December 19, 1990, three days after Joseph's birth, allegedly as a result of the medical malpractice of the Westchester County Medical Center (hereinafter Medical Center). An order of filiation naming the claimant as Joseph's father was issued on November 14, 1991. Thereafter, on April 28, 1992, the claimant was appointed guardian of the property of his infant son and, on December 15, 1992, was granted limited letters of administration of the decedent's estate in his capacity as guardian of Joseph.

A notice of claim against the Medical Center was not filed until August 1993, more than two years after the decedent's death. The Medical Center then sought to vacate the notice of claim as untimely. Following a hearing, however, the court concluded that the Statute of Limitations toll for infancy applied because there was no one to commence an action on Joseph's behalf prior to the issuance of letters of guardianship to the claimant on April 28, 1992. Finding the action was not time-barred, the court granted the claimant leave to serve a late notice of claim.

Under the particular circumstances presented herein, where the decedent was survived only by infant distributees, the

Supreme Court properly concluded that the Statute of Limitations was tolled until April 28, 1992, the date of the issuance of letters of guardianship to the claimant *(see, Hernandez v New York City Health & Hosps. Corp.,* 78 NY2d 687, 694). The Medical Center's contention that the tolling of the Statute of Limitations was unwarranted because the decedent was survived by two other infant distributees who purportedly had a legal guardian to protect their interests is unavailing. The court correctly found that neither of those children, who were alleged to be residing in Ecuador with the decedent's mother, nor their purported guardian, a nondomiciliary alien alleged to be a former spouse of the decedent, would have been eligible to receive letters of administration pursuant to the provisions of SCPA 707 that were in effect from August 2, 1986, to January 1, 1994. Thompson, J. P., Altman, Friedmann and Florio, JJ., concur.