■ DANIEL D. WEED, as Administrator of the Estate of CHARLENE A. CHICHESTER, Deceased, and as Guardian of MARY E. WEED, an Infant, Respondent, v ST. JOSEPH's HOSPITAL et al., Appellants. [665 NYS2d 750] —Peters, J. Appeal from an order of the Supreme Court (Ellison, J.), entered January 9, 1997 in Chemung County, which partially granted defendants' motions for summary judgment and dismissed the second cause of action in the complaint.

Charlene A. Chichester (hereinafter decedent) lived with plaintiff and their child (born in 1987) until she died intestate on June 11, 1990. Although the child's birth certificate listed plaintiff as the father, no order of filiation existed prior to decedent's death. Thereafter, he continued to reside with the child.

In July 1990, plaintiff consulted with counsel in connection with the settlement of the estate. An affidavit from counsel details that after consulting with Surrogate's Court, he was advised that no letters of guardianship would be issued without the filing of a paternity petition in Family Court. Thus, in April 1991, a paternity petition was filed resulting in the entry of an order of filiation on June 25, 1991. In May 1992, counsel filed a petition in Surrogate's Court seeking the appointment of plaintiff as guardian and as administrator of the estate. On June 3, 1992, the petition for guardianship was rejected, requiring petitioner to elect either to file a bond or hold money jointly with the bank. Letters of administration were not issued because plaintiff lacked appointment as guardian of the property of the child. On September 16, 1992, a guardian bond was issued on behalf of plaintiff and, on October 23, 1992, letters of guardianship of the property of decedent were issued.

On January 23, 1993, plaintiff resubmitted the petition for letters of administration which was again rejected. The court requested, *inter alia*, the filing of a family tree and a sole distributee affidavit. Plaintiff contends and counsel details that due to the lack of cooperation from decedent's family, requisite information was difficult to obtain. In February 1994, all such documents were filed in Surrogate's Court; on March 21, 1994, letters of administration were issued.

In October 1994, plaintiff commenced the instant action for, *inter alia*, wrongful death as the administrator of decedent's estate and as guardian of the infant child. Through various motions, defendants moved to dismiss the complaint as time barred. Supreme Court dismissed the cause of action seeking damages for personal injuries, yet refused to dismiss the wrongful death cause of action. Defendants appeal.

We affirm. While it appears that the instant action, commenced four years and five months after decedent's death, would be time barred pursuant to the limitations period set forth in EPTL 5-4.1, Supreme Court found that the particular facts here presented warranted application of the exception specified in *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687). Therein, the Court of Appeals found that where the decedent's sole distributee is an infant and no one is eligible to receive letters of administration to bring a wrongful death action as a personal representative of the estate, CPLR 208 will toll the Statute of Limitations "until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first" (*id.*, at 693). In so doing, it balanced the competing concerns of both EPTL 5-4.1 and CPLR 208 and found that failing to extend the tolling provisions under such circumstances would have an "unnecessarily harsh result" (*id.*). While numerous scenarios have been presented in an effort to gain the benefits of such toll (*see, e.g.*, *Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571; *Merced v Wyckoff Hgts. Med. Ctr.*, 225 AD2d 532, *lv denied* 88 NY2d 805; *Ortiz v Hertz Corp.*, 212 AD2d 374), we find these facts to fall squarely within the parameters contemplated by the Court of Appeals when it carved out this very limited exception.

Here, a wrongful death cause of action is being sought on behalf of the sole infant intestate distributee. Within a month of decedent's death, plaintiff timely sought to navigate the legal hurdles presented by his status as a putative father. Supreme Court's determination to toll the Statute of Limitations until such appointment on October 23, 1992 was eminently reasonable as it was the "earliest time for removal of the disability in the unusual situation presented" (*Hernandez v New York City Health & Hosps. Corp.*, *supra*, at 694). With the action commenced within two years thereafter, the determination that this action is timely "accommodates both the interests of the infant and those of society in barring stale claims" (*id.*).

We accordingly affirm Supreme Court's order in its entirety

(*see, Matter of Rivera v Westchester County Med. Ctr.*, 222 AD2d 680, *lv denied* 88 NY2d 808).

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.