■ In the Matter of NATHANIEL J. BOLES, JR., as Administrator of the Estate of NATHANIEL J. BOLES, SR., Deceased, Re-

spondent, v SHEEHAN MEMORIAL HOSPITAL et al.; Appellants, et al., Defendant. [695 NYS2d 818] —Order unanimously affirmed with costs. Memorandum: The complaint in this action for wrongful death, commenced in October 1995, alleges that defendants committed medical malpractice, thereby causing decedent's death on April 21, 1988. Decedent died intestate, survived by plaintiff, decedent's only child and natural heir, who was 12 years old at the time. Plaintiff's mother and decedent were never married. Throughout his infancy, plaintiff resided with his mother, and no one was appointed personal representative of decedent's estate. Thus, there was no one entitled to commence a wrongful death action pursuant to EPTL 5-4.1. Neither did anyone apply for letters of guardianship of the person or property of plaintiff. On October 15, 1993, plaintiff turned 18, and on March 14, 1994, plaintiff obtained limited letters of administration. Within two years of turning 18, plaintiff, as administrator of his father's estate, commenced this action.

Sheehan Memorial Hospital and Damrong Hadsaitong, M.D. (defendants) moved to dismiss the action as time-barred, arguing that plaintiff's mother was plaintiff's "natural and legal guardian" throughout plaintiff's minority and thus was a "potential personal representative" of decedent who was "duty bound" to obtain letters of administration to commence an action within the Statute of Limitations' period. (Under the SCPA, plaintiff's mother could have been appointed "fiduciary" of the infant, i.e., the court-appointed guardian of the infant's property or person [*see generally*, SCPA 103 (21), (24); 1701, 1703], and in that event could have been appointed administratrix of the estate, thus entitling her in turn to bring a wrongful death action on behalf of the infant [*see*, SCPA 1001; *see also*, EPTL 5-4.1]). Supreme Court denied the motions to dismiss the complaint as time-barred, and we affirm.

Under these circumstances, "[t]he Statute of Limitations is tolled * * * until appointment of a guardian or the majority of the sole distributee, whichever is earlier, when letters of administration may issue and a personal representative may assume the role of plaintiff. That is the first time there exists a potential personal representative entitled to 'commence an action' " (*Hernandez v New York City Health & Hosps. Corp.*, 78 NY2d 687, 694; *see also, Weed v St. Joseph's Hosp.*, 245 AD2d 713, 714; *Matter of Rivera v Westchester County Med. Ctr.*, 222 AD2d 680, *lv denied* 88 NY2d 808; *McDonald v McDonald*, 193 AD2d 590; *compare, Baez v New York City Health & Hosps. Corp.*, 80 NY2d 571). As implied throughout the

Court of Appeals' discussion in *Hernandez*, the wrongful death action should not be dismissed merely because it was not brought at a time when there was no one entitled to bring it.

The outcome should not be any different merely because the infant distributee lived with his "natural guardian". *Hernandez (supra)* suggests that a parent's existence and status as "natural guardian" of a sole infant distributee is irrelevant. Even if the infant's father in *Hernandez* was dead or otherwise not present in the infant's life, the grandmother presumably acted as the infant's natural guardian until she was appointed the infant's legal guardian (*see, Hernandez v New York City Health & Hosps. Corp., supra,* at 689; *see also, First Trust & Deposit Co. v Goodrich,* 3 NY2d 410, 416 [observing that the "grandmother was the natural guardian" of the infant in the absence of the parents]; *Matter of Erhardt,* 27 AD2d 836, 837 [same]; *Matter of Anonymous,* 60 Misc 2d 854, 857 [same]; *Matter of Stange,* 38 Misc 2d 170, 170-171 [same]).

More important, the legal office of "fiduciary" (*see,* SCPA 1001 [2]) does not include a parent or other "natural guardian" of an infant, but refers to a court-appointed legal guardian of the infant's property or person (*see,* SCPA 103 [21], [24]; 1701, 1703). Under *Hernandez (supra)*, it is court appointment as legal guardian that is dispositive, not blood ties or natural guardianship (*see, Hernandez v New York City Health & Hosps. Corp., supra,* at 690, 692-694). We thus reject defendants' assertion that plaintiff's mother was "duty bound" to commence the action within two years of death. *Hernandez (supra,* at 694) speaks of such an obligation only on the part of a "potential personal representative", meaning a member of the narrow class of individuals presently qualified to commence the action (such as the executrix in *Baez*) or immediately eligible to receive letters of administration (*see,* SCPA 1001 [1]). The latter class generally includes distributees or fiduciaries of distributees; it does not include mere relatives of distributees, such as the plaintiff's mother in this case, or the plaintiff's grandmother in *Hernandez*, who are not themselves distributees. Given that the Court of Appeals has defined the duty in question as the duty to obtain letters of administration and to commence the action, not the duty to obtain letters of guardianship, it is apparent that the Court of Appeals did not intend to impose any obligation on the parents or other natural guardians of infant sole distributees (*see, Hernandez v New York City Health & Hosps. Corp., supra,* at 694).

The decisions relied upon by defendants represent unwarranted extensions of *Hernandez (supra). Ortiz v Hertz Corp.*

(212 AD2d 374, 375) rests on the incorrect premise that the mother and "natural guardian" of the infant distributee was, even before being appointed his "legal guardian", "duty bound" to seek letters of administration on behalf of the distributee. The decision gives no weight to the fact that the mother did not obtain letters of guardianship until about a year before commencement, a fact that would render the action timely (*see, Weed v St. Joseph's Hosp., supra,* at 714; *Matter of Rivera v Westchester County Med. Ctr., supra,* at 680-681). The result in *Ortiz* cannot be reconciled with *Hernandez,* which holds that a plaintiff "commencing a wrongful death cause of action on behalf of an infant intestate distributee" is entitled to the toll of infancy "until letters of guardianship are issued or majority of the intestate distributee, whichever occurs first, where there is no representative to commence the action on behalf of the infant before that time" (*Baez v New York City Health & Hosps. Corp., supra,* at 576-577, interpreting *Hernandez v New York City Health & Hosps. Corp., supra*). Similarly, the decision in *Henry v City of New York* (244 AD2d 93, *lv granted* 93 NY2d 802) misapplies *Hernandez. Henry* is not a wrongful death action, but a personal injury action accruing in favor of infants. To deny or limit the toll for infancy in those circumstances, based on the mere existence of other persons, even natural and/or legal guardians, who might have commenced the action during plaintiff's infancy, would render CPLR 208 a nullity. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Dismiss Pleading.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.