■ TUYET NGOC NGUYEN, Individually and as Proposed Administratrix of the Estate of DUNG VAN NGUYEN, Deceased, and as Mother and Natural Guardian of DANNY DUY NGUYEN, an Infant, Appellant, v 230 PARK INVESTORS, LLC, et al., Respondents. MAX CAPITAL MANAGEMENT CORP., Third-Party Plaintiff, v GLOBAL SERVICE GROUP, LLP, Third-Party Defendant-Respondent. (And Other Actions.) [797 NYS2d 488]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 10, 2004, which, inter alia, granted the respective motions by defendants and third-party defendant Global Service Group to dismiss the wrongful death action and denied plaintiff's cross motion to amend the caption in the wrongful death action by substituting Tuyet Ngoc Nguyen as temporary administratrix in place of Tuyet Ngoc Nguyen as proposed administratrix, unanimously reversed, on the law, without costs, the motions denied, the cross motion granted, the wrongful death action reinstated and its caption amended.

This matter presents the issue addressed in *Hernandez v New*

*York City Health & Hosps. Corp.* (78 NY2d 687 [1991])—whether the wrongful death statute of limitations should be tolled until an infant/sole distributee's legal disability to prosecute the action is remedied, as it would be if a representative of the infant distributee were duly qualified as administrator of decedent's estate.

We find the dismissal of this wrongful death action to be error. In *Hernandez*, the Court of Appeals tolled the wrongful death statute of limitations opining that:

"at the time of decedent's death, no one could be granted letters of administration—and consequently no one could commence the wrongful death action—until a guardian was appointed for the child.

"The confluence of the pertinent EPTL, SCPA [Surrogate's Court Procedure Act] and CPLR provisions in this case thus give rise to an unusual—perhaps unique—problem. EPTL 5-4.1 grants the personal representative procedural authority to bring the wrongful death claim; SCPA 1001 and 707 make it impossible for anyone to assume that role until a guardian is appointed for the infant sole distributee; and CPLR 208 speaks of tolling the Statute of Limitations when the person entitled to bring the action is under a disability at the time of accrual. In that a wrongful death action accrues at the time of death, mechanical application of CPLR 208 is impossible unless the position of the infant/sole distributee under the SCPA is ignored. We . . . would construe the toll of CPLR 208 to apply until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first . . . ,

"when letters of administration may issue and a personal representative may assume the role of plaintiff" (78 NY2d at 692-694).

The facts before us are similar in that the limitations period elapsed before a duly appointed personal representative of the infant sole distributee could commence the wrongful death action on the infant's behalf. In this matter, the eventual personal representative, who is also the infant's natural mother, first had to resolve various legal issues in foreign jurisdictions, e.g., obtaining guardianship of the infant (Texas), quieting competing claims for appointment as administrator of the estate and obtaining an order declaring decedent's paternity of the infant (New Jersey), before she could obtain letters of administration and bring this action (*see also Matter of Rivera v Westchester County Med. Ctr.*, 222 AD2d 680 [1995], *lv denied* 88 NY2d 808

[1996]). Although she commenced her efforts in a prompt manner, given that she had to learn of decedent's demise and to retain and consult counsel before she could take any action, she was unable even to obtain the letters of administration within the two-year statutory period. Hence her filing of a complaint as "proposed administratrix" just before the limitations period lapsed.

Based upon the foregoing, plaintiff's cross motion to amend the caption in the wrongful death action is granted. Concur—Mazzarelli, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.