Garry, J.
Appeal from an order of the Supreme Court (Lynch, J), entered March 23, 2012 in Albany County, which granted defendant Bonnie J. Garrity’s motion for summary judgment dismissing the complaint against her.
In the early morning hours of August 11, 2002, decedent was apparently thrown from his motorcycle while traveling on Interstate Route 88 in the Town of Otego, Otsego County, and was immediately struck by a vehicle owned by defendant Mary V. Tucker and driven by defendant Kathleen Tucker Smith (hereinafter codefendants). Soon thereafter, decedent was struck by a *1413 vehicle driven by defendant Bonnie J. Garrity (hereinafter defendant). Decedent died intestate, and his two infant children— plaintiff (born in 1987) and his sister (born in 1994), whose mother was divorced from decedent—were the sole distributees of his estate (see EPTL 4-1.1 [a] [3]). As minors, the two children were ineligible to receive letters of administration of decedent’s estate (see SCPA 707 [1] [a]; see also SCPA 1001 [1] [b]). Within a year after reaching the age of majority, plaintiff sought and was granted limited letters of administration. Shortly thereafter, in November 2007, plaintiff commenced this action on behalf of the estate against defendants, asserting causes of action for wrongful death and personal injury. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against her, arguing that she was entitled to judgment based upon application of the emergency doctrine, and that plaintiffs causes of action were time-barred.[1] Supreme Court dismissed the personal injury cause of action as untimely, but found the wrongful death claim timely by operation of the infancy toll of CPLR 208; the court granted summary judgment dismissing that claim based upon application of the emergency doctrine. Plaintiff appeals.[2]
We agree with plaintiff that dismissal of the wrongful death claim based upon the emergency doctrine was in error. As the proponent of the summary judgment motion, defendant was required to establish, as a matter of law, that she had been confronted with an emergency situation not of her own making and that her reaction was reasonable in light of the circumstances such that there was nothing that she could have done to avoid the accident (see Lopez-Viola v Duell, 100 AD3d 1239, 1242 [2012]; Cahoon v Frechette, 86 AD3d 774, 775 [2011]). An emergency situation is typically one in which an actor has “little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct” (Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991]). Whether a situation constitutes an emergency is an issue best left to the trier of fact, “[e]xcept in the most egregious circumstances” (Stevenson v Recore, 221 AD2d 834, 834 [1995]; see Copeland v Bolton, 101 AD3d 1283, 1285 [2012]; Schlanger v Doe, 53 AD3d 827, 828 [2008]).
*1414 Here, defendant submitted her own deposition testimony in support of her motion. In this testimony she described that, as she was driving on the divided highway on the night of the accident, she noticed a tractor-trailer with its hazard lights blinking pulled over to the right side of the highway approximately 20 or 30 car lengths ahead of her. She also saw up to five other cars with steady red lights on in the vicinity of the tractor-trailer. Though she was traveling at the posted speed limit of 65 miles per hour and the night was very dark, defendant did not immediately apply her brakes when she observed the scene but, rather, took her foot off the gas pedal and slowed to approximately 50 miles per hour. As she approached the scene, she started to move to the passing lane of the highway, which is when she first noticed something in the center of the roadway, appearing to be a “stuffed shirt.” Upon seeing this object, she applied her brakes and swerved to avoid striking it, but, despite these efforts, the vehicle struck the object, flipped over, and came to rest approximately 200 feet away. She then learned that what she had seen in the roadway was decedent’s body.
We are not persuaded that these facts demonstrate, as a matter of law, that defendant was confronted with an emergency situation that left her with little time for deliberation or that her reaction was reasonable such that there was nothing she could have done to avoid the accident. Notably, “it is not uncommon for motorists to encounter debris or other hazards in the roadway” (Stevenson v Recore, 221 AD2d at 834; but see Lonergan v Almo, 74 AD3d 902, 903 [2010]) and, here, by defendant’s own testimony, she had notice from at least 20 or 30 car lengths away that something out of the ordinary was happening on the highway ahead (compare Dattilo v Best Transp. Inc., 79 AD3d 432, 433 [2010]). Further, there is also deposition testimony of the front seat passenger in codefendants’ vehicle, which had arrived at the scene and first struck either decedent or his motorcycle.[3] This witness testified that, as decedent was lying in the roadway, other vehicles stopped at the scene without striking him, and at least one other vehicle passed through the scene without incident. In light of this testimony, “a question arises as to whether defendant should have anticipated and been prepared to deal with the situation confronting [her]” and whether her actions were reasonable under the circumstances (Stevenson v Recore, 221 AD2d at 834-835).
*1415 Defendant further argues that she is entitled to summary judgment because plaintiff cannot prove that she caused decedent’s death in light of the existence of several possible causes. On this record, the issue of causation and any apportionment of fault is a matter for the trier of fact to decide (see Scribani v Buchannon, 101 AD3d 1517, 1518 [2012]). Accordingly, we find that defendant failed to establish her entitlement to judgment as a matter of law, and that part of her motion seeking dismissal of the wrongful death cause of action should have been denied, without considering the sufficiency of plaintiffs opposition (see Pezzino v Woodruff, 103 AD3d 944, 944 [2013]; Copeland v Bolton, 101 AD3d at 1285-1286).
Finally, we disagree with defendant’s alternate argument for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]), as we find that Supreme Court properly determined that the wrongful death cause of action was timely. Where, as here, the sole distributees of an estate are infants, the toll of CPLR 208 applies “until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of [a] distributee, whichever occurs first” (Hernandez v New York City Health & Hosps. Corp., 78 NY2d 687, 693 [1991]; see Baker v Bronx Lebanon Hosp. Ctr., 53 AD3d 21, 24-26 [2008]; Matter of Boles v Sheehan Mem. Hosp., 265 AD2d 910, 911-913 [1999]; Weed v St. Joseph’s Hosp., 245 AD2d 713, 714 [1997]; but see Ortiz v Hertz Corp., 212 AD2d 374, 375 [1995]). Although plaintiffs mother was the natural guardian of his person, she was never appointed guardian of his property by Surrogate’s Court (see SCPA 1701, 1723 [1]; see also SCPA 1001 [2]) and, consequently, she was neither entitled nor duty bound to seek letters of administration of decedent’s estate in order to commence a wrongful death action on behalf of the children (see Baker v Bronx Lebanon Hosp. Ctr., 53 AD3d at 24-26; Matter of Boles v Sheehan Mem. Hosp., 265 AD2d at 911-913). Thus, as the action was commenced within two years of plaintiff reaching the age of majority, it was timely (see EPTL 5-4.1 [1]; CPLR 208).
Peters, PJ., Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted that part of defendant Bonnie J. Garrity’s motion for summary judgment dismissing the wrongful death cause of action against her; motion denied to that extent; and, as so modified, affirmed. [Prior Case History: 35 Mise 3d 1204(A), 2012 NY Slip Op 50558(U).]

. Defendant’s motion also sought dismissal of the cross claim asserted by codefendants. This request was granted, apparently without opposition, and is not at issue upon appeal.

. Plaintiff does not challenge the dismissal of the personal injury cause of action, and any claim with respect thereto is therefore deemed abandoned (see Kocsis v McLean, 32 AD3d 589, 590 [2006]).

. This witness testified that decedent passed their vehicle on the left. Seconds later they saw sparks in the road ahead, and then felt a bump as their vehicle struck something.