Machado v Gulf Oil, L.P. (2021 NY Slip Op 01849)





Machado v Gulf Oil, L.P.


2021 NY Slip Op 01849


Decided on March 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick,J.P.,
Sallie Manzanet-Daniels
Barbara R. Kapnick
Cynthia S. Kern
Tanya R. Kennedy, JJ.


Index No. 303758/15 Appeal No. 12938 Case No. 2019-04948 

[*1]Marilyn Machado, as Administratrix of the Estate of Oscar Arzeno, etc. et al., Plaintiffs-Respondents,
v
Gulf Oil, L.P., et al., Defendants, General Motor of NY, Inc., et al. Defendants-Appellants.



 Defendants appeal from an order of the Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 3, 2019, which to the extent appealed from as limited by the briefs, denied defendants General Motor of NY, Inc., General Motor and Truck Repair, Inc. and Jernail Singh's and Jasjeet Walia also known as Jesse Singh's motions for leave to amend the answer to add a statute of limitations defense and to dismiss the cause of action for wrongful death as against them and the cause of action for assault and battery against Walia as time-barred.




Farber Brocks & Zane L.l.P., Garden City (Lester Lee Chanin of counsel), for General Motor of NY, Inc., General Motor of NY, Inc. doing business as General Motor & Truck Repair, Inc., and Jernail Singh, appellants.
McManus Ateshoglou Aiello & Apostolakos PLLC, New York (Steven D. Ateshoglou and Athanasia Apostolakos of counsel), for Jasjeet Walia also known as Jesse Singh, appellant.
Goidel & Siegel, LLP, New York (Stacy R. Klozow of counsel), for respondents.



KAPNICK, J. 


The questions before us on this appeal are whether the infancy toll of CPLR 208 applies to the two-year statute of limitations for a wrongful death claim when an unmarried individual dies without a will and leaves behind minor children as the sole distributees, and, if so, at what point the toll is terminated. These questions were addressed by the Court of Appeals in Hernandez v New York City Health & Hosps. Corp. (78 NY2d 687 [1991]), where the Court found the infancy toll applicable. This Court also addressed these questions in Ortiz v Hertz Corp. (212 AD2d 374 [1st Dept 1995]) and, more recently, Tuyet Ngoc Nguyen v 230 Park Invs., LLC (19 AD3d 295 [1st Dept 2005]) and Baker v Bronx Lebanon Hosp. Ctr. (53 AD3d 21 [1st Dept 2008]). In Ortiz, this Court found that CPLR 208 did not apply to toll the statute of limitations for the wrongful death claim. However, both the Nguyen and Baker Courts reached the opposite conclusion. Today we clarify that Ortiz is not good law, because it was based on an incorrect application and interpretation of Hernandez. Therefore, pursuant to the precedent established in Hernandez, and followed by this Court in Nguyen and Baker, we hold that when the sole distributees of a decedent's estate are infants, the toll of CPLR 208 applies to a wrongful death claim "until the earliest moment there is a personal representative or potential personal representative who can bring the action whether by appointment of a guardian [of the property of the infant distributee] or majority of [a] distributee, whichever occurs first" (Hernandez, 78 NY2d at 693; see also Nguyen, 19 AD3d at 296; Baker, 53 AD3d at 24).
On September 6, 2012, the decedent, Oscar Arzeno, stopped at a gas station located in Long Island City, New York, owned and operated by defendants General Motor of NY, Inc., General Motor and Truck Repair, Inc., and Jernail Singh (collectively GM Defendants). Plaintiffs allege that as a result of an altercation with defendant Jasjeet Walia a/k/a Jesse Singh (Walia), an employee of the gas station, the decedent suffered fatal injuries and died that evening. The decedent died intestate, was unmarried, and had two minor children. Plaintiff Marilyn Machado is the mother of the decedent's infant daughter, and plaintiff Jassmin Hernandez is the mother of the decedent's infant son. On November 7, 2014, the Surrogate's Court granted letters of guardianship, for the property only, to Machado for her infant daughter. On June 1, 2015, the Surrogate's Court granted letters of guardianship, for the property only, to Hernandez for her infant son. On August 18, 2015, the Surrogate's Court granted letters of administration to Machado and Hernandez, jointly, making them joint administratrices of Oscar Arzeno's estate.
Approximately two weeks after receiving the letters of administration for the decedent's estate, plaintiffs commenced this action by summons and complaint dated September 1, 2015, alleging that Oscar Arzeno died on [*2]September 6, 2012, following an altercation with Walia. According to plaintiffs, Walia was acting within the scope of his employment when he fatally injured Arzeno. Plaintiffs asserted claims for negligence, negligent supervision, and wrongful death. Defendants answered and asserted, amongst other affirmative defenses, a statute of limitations defense. Thereafter, plaintiffs filed an amended complaint, on December 5, 2016, adding, as relevant to this appeal, a cause of action for assault and battery against Walia. Defendants filed an amended answer, but failed to plead that any claims were barred by the statute of limitations.
Thereafter, Walia moved to amend the answer to assert additional affirmative defenses, including the statute of limitations, and, upon amendment of the answer, to dismiss the wrongful death and assault and battery claims against him as time-barred. The GM Defendants also moved to amend the answer to assert additional affirmative defenses, including a statute of limitations defense.
The motion court denied in part and granted in part defendants' motions. As relevant to this appeal, the court denied the branch of the motions seeking to amend the answers to add a statute of limitations defense finding that "plaintiffs have averred evidentiary facts which establish the statute of limitations was tolled while an administrator to decedent's estate was being assigned." However, the court also found that "allowing defendants to amend their [answers] to dismiss this matter would plainly and obviously prejudice plaintiff[s]" because the statute of limitations defense "would result in dismissal of this matter."
On appeal, defendants argue that their motions to amend should have been granted because plaintiffs were on notice, by way of the original answers filed in response to the 2015 complaint, that they intended to raise the affirmative defense of the statute of limitations. We agree. Leave to amend "'shall be freely given', absent prejudice or surprise" to the opposing party (CPLR 3025[b]; Fahey v County of Ontario, 44 NY2d 934 [1978]). Indeed, prejudice is not assumed just because the amendment occurs late in the proceeding (see Antwerpse Diamantbank N.V. v Nissel, 27 AD3d 207, 208 [1st Dept 2006]). Plaintiffs here cannot claim surprise, because the statute of limitations defense was raised in defendants' 2015 answer to the original complaint (see Castle v Gaseteria Oil Corp., 263 AD2d 523, 524 [2d Dept 1999]). Nor can plaintiffs demonstrate that they would suffer prejudice, because even if, as defendants contend, the causes of action would be subject to dismissal as a result of the amendment, that possibility alone is not enough to establish prejudice (see Seda v New York City Hous. Auth., 181 AD2d 469 [1st Dept 1992], lv denied 80 NY2d 759 [1992]). Moreover, defendants offered a reasonable excuse for their delay, explaining that the failure to include the statute of limitations defense in their amended answer was the result [*3]of an oversight by a previous attorney (see Jacobson v McNeil Consumer & Specialty Pharms., 68 AD3d 652, 655 [1st Dept 2009]).
Turning to the merits of the statute of limitations argument, defendants contend that the tolling provision of CPLR 208 does not apply and thus that the wrongful death claim is time-barred. According to defendants, the two-year statute of limitations expired on September 6, 2014, but plaintiffs did not file their wrongful death claim until September 1, 2015. Defendants argue that CPLR 208 does not apply here because plaintiffs were available to timely commence the wrongful death claim. Relying on this Court's decision in Ortiz,defendants contend that plaintiffs, as the mothers and natural guardians of the infant distributees, could have obtained, and indeed were "duty bound" to obtain (212 AD2d at 375), letters of administration for the decedent's estate prior to the running of the two-year statute of limitations for wrongful death. Because they did not do so and offered no excuse for their delay, defendants argue, plaintiffs' claims are time-barred (see id.).
Defendant Walia adds that any toll in the statute of limitations for wrongful death due to infancy or incapacity does not arise from the infancy or disability of the ultimate beneficiary of the decedent's claim, but rather from the infancy or disability of the individual who may initiate the action. Thus, according to Walia, because plaintiffs did not suffer from infancy or disability, CPLR 208 does not apply to them. It is Walia's position that CPLR 208 only applies when the infant distributee is left without a legal guardian or representative. In essence, Walia argues for the creation of two categories of distributees, the first being an infant with one remaining parent, such as in this case, and the second being an infant who is rendered an orphan. Walia contends that CPLR 208 only applies to the latter category.
Plaintiffs argue that the CPLR 208 infancy toll does apply in these circumstances and that it was not terminated until they were appointed guardians of the infant distributees' property by the Surrogate's Court. According to plaintiffs, a wrongful death claim belongs to the decedent's distributees and not to the estate, because it is the distributees who suffer the pecuniary loss upon the decedent's death (see Hernandez, 78 NY2d at 693). Thus, plaintiffs contend that the infancy of the distributee is attributed to the person entitled to commence an action for purposes of CPLR 208. Indeed, a "potential personal representative" (id.) does not exist until an individual has been appointed by the Surrogate's Court as the guardian of the infant's property.
For the following reasons, we find that the statute of limitations on the wrongful death claim was tolled pursuant to CPLR 208 and thus that plaintiffs' wrongful death claim is not time-barred. CPLR 208 provides, in relevant part, "If a person entitled to commence an action is under a disability because [*4]of infancy . . . at the time the cause of action accrues . . ., if the time otherwise limited is less than three years, the time [within which the action must be commenced] shall be extended by the period of disability." Under the Estates, Powers and Trusts Law (EPTL), the personal representative of the decedent is empowered to bring a wrongful death claim and has two years from the date of death to commence an action (EPTL 5-4.1). The EPTL defines personal representative as "a person who has received letters to administer the estate of a decedent" (EPTL 1-2.13). However, the EPTL explicitly excludes a custodian or guardian of a minor in its definition of personal representative (id.); thus, the mere connection between parent and child does not automatically make the parent or natural guardian of an infant distributee the personal representative of the decedent's estate.
Letters of administration, the document necessary to be deemed a personal representative of the decedent's estate, are granted by the Surrogate's Court. Under the Surrogate's Court Procedure Act (SCPA), the order of priority for granting letters of administration to distributees of a decedent who died intestate begins with the surviving spouse, followed by the children and then various other family relations (SCPA 1001[1]). Infants, defined as "person[s] under the age of eighteen years" (SCPA 103[27]), are ineligible to receive letters of administration (SCPA 707[1] [a]). However, "[i]f the sole distributee . . . is an infant, . . . his fiduciary, committee or conservator, if he is eligible and qualifies shall be granted letters of administration" (SCPA 1001[2]). The definition of fiduciary includes various court-appointed roles, such as executor, guardian, and administrator; it does not list any blood-line affiliations, such as parent, sibling, or grandparent (SCPA 103[21]). Notably, the SCPA distinguishes between natural guardian and court-appointed guardian, as evidenced by the fact that a fiduciary must be appointed by the court. Moreover, the SCPA also provides that "[t]he court may deny letters to a guardian or committee of the person only" (SCPA 1001[2]). Further, the Surrogate's Court "has power over the property of an infant and is authorized and empowered to appoint a guardian of the person or of the property or of both of an infant whether or not the parent or parents of the infant or child are living" (SCPA 1701).
CPLR 208 refers to the "person entitled to commence an action" and applies the toll if that person is under a disability, such as infancy, at the time the cause of action accrues. A wrongful death cause of action accrues upon the decedent's death. Yet, if the only distributees of the decedent's estate are minor children, then who is the "person entitled to commence an action" to whom CPLR 208 can be applied? The EPTL says that the personal representative, meaning someone with letters to administer the estate, is empowered to bring a wrongful death claim and [*5]thus is the "person entitled to commence an action"; yet the SCPA excludes an infant from being eligible to obtain letters of administration. In other words, the infant distributee is not the person entitled to bring the action, so how can his or her infancy toll the statute of limitations?
This conundrum was presented to the Court of Appeals in Hernandez (78 NY2d 687). In that case, the decedent also died intestate, leaving an infant child as her sole distributee. The maternal grandmother obtained letters of guardianship over the infant, but renounced her right to letters of administration, instead seeking leave to have the decedent's niece appointed administratrix of the estate. The Surrogate thereafter issued limited letters of administration to the decedent's niece, granting her authority to commence the wrongful death action on behalf of the infant distributee. The Court reviewed the relevant statutes and held that since
"a wrongful death action accrues at the time of death, mechanical application of CPLR 208 is impossible unless the position of the infant/sole distribute under the SCPA is ignored. We decline to reach that unnecessarily harsh result, and instead would construe the toll of CPLR 208 to apply until the earliest moment there is a personal representative or potential personal representative who can bring the action, whether by appointment of a guardian or majority of the distributee, whichever occurs first" (Hernandez at 693)
In essence, for purposes of CPLR 208 in the context of a wrongful death claim, the Hernandez Court viewed the infant distributee as the "person entitled to commence [the] action," in order to prevent the harm that would ensue if the beneficiary of a wrongful death claim were precluded from pursuing that claim.
Defendants rely on the "potential personal representative" language in support of their argument that the remaining living parent automatically steps into the role of personal representative by virtue of being the infant distributee's natural guardian. However, the statutes do not elevate blood ties to the level argued by defendants. Rather, they require that an individual be appointed as guardian of the infant's property before being able to obtain letters of administration making him or her eligible to be a personal representative of the decedent's estate (SCPA 1001[2]; 707; EPTL 1-2.13).
Defendants also rely on this Court's decision in Ortiz (212 AD2d 374) in support of their argument that plaintiffs had the potential to commence the action before it expired on September 6, 2014. Indeed, the phrase "potential personal representative" was at the heart of this Court's decision in Ortiz. The Court there found that the plaintiff, "as the natural mother and legal guardian of the decedent's minor children, had the potential to commence the underlying action at the time of the decedent's death" and that therefore the statute of limitations was not tolled under CPLR 208 (212 AD2dat 375). The [*6]Ortiz Court stated further that the plaintiff "as the natural guardian of her infant children, was duty bound to seek Letters of Administration on behalf of the decedent's distributees prior to the running of the two-year statute of limitations" (id.). There is no support for this pronouncement in the decision, in Hernandez,or in the relevant statutes. Rather, when the Hernandez Court spoke of a "potential personal representative," it was referring to a guardian formally appointed by the Surrogate's Court and thus eligible to receive letters of administration. Citing SCPA 1001 and 707(1)(a), the Court stated that, "'where the sole distributee is an infant, no one is eligible to receive letters of administration until such time as a guardian is appointed'" (78 NY2d at 692, quoting this Court's decision in Hernandez [169 AD2d 535, 536 (1st Dept 1991)]). The Hernandez Court further underscored that "the Statute of Limitations is tolled only until appointment of a guardian or the majority of the sole distributee, whichever is earlier, when letters of administration may issue and a personal representative may assume the role of plaintiff. That is the first time there exists a potential personal representative entitled to 'commence an action'" (id. at 694 [emphasis added], citing CPLR 208 and SCPA 1001[2], [6]).
This Court, in Baker (53 AD3d 21), disagreed with the Ortiz Court's interpretation of Hernandez. Indeed, the Baker Court held that, pursuant to the relevant statutes and Hernandez, the appointment of a guardian of the property is the controlling event, not the mere existence of a biological parent. In Baker, the decedent also died intestate, leaving three infant children, one born just three days before her death, as her sole distributees. The plaintiff, the decedent's sister, was appointed by Family Court as the guardian of the person of the newborn infant. Thereafter, the plaintiff was appointed by the Surrogate as the guardian of the infant's property and then appointed as administrator of the decedent's estate. Supreme Court found that the infancy toll terminated when the plaintiff was appointed guardian of the person of the infant child by Family Court, and granted the defendants summary judgment dismissing the cause of action for wrongful death as untimely. ThisCourt reversed, finding that the infancy toll did not terminate until the plaintiff was appointed as guardian of the property of the infant child by the Surrogate's Court.
The defendants in Baker, much like defendants in this case, argued that in Hernandez the Court of Appeals identified the occasion of there being a potential representative as the controlling event, not the issuance of letters of administration. The Baker Court rejected this argument and noted that the cases that did not distinguish between a guardian of the property and a guardian of the person, such as Hernandez (78 NY2d 687), Weed v St. Joseph's Hosp. (245 AD2d 713 [3d Dept 1997]), and Nguyen (19 AD3d [*7]295),had no need to do so because the operative date in those cases was the issuance of letters of administration, which cannot happen until a guardian of the property has been appointed (Baker, 53 AD3d at 26; see also SCPA 1001[2]; 1701; 1723). Ultimately, the Baker Court found that at the time of the decedent's death, "no one was qualified or eligible to receive letters of administration until a guardian was actually appointed" for the infant child and that the guardian must be a guardian of the property, not just a guardian of the person (id. at 27). It was only "[u]pon such appointment [that] there existed for the first time a potential personal representative entitled to commence an action" (id. [internal quotation marks omitted]).
The Baker Court cited Nguyen in support of its holding that the appointment of a guardian of the property is the controlling event (id. at 26). The plaintiff in Nguyen was the infant's natural mother, and theCourt noted that it was presented with the same issue that was addressed in Hernandez. Ultimately the Nguyen Court found that, at the time of the decedent's death, no one could have been granted letters of administration and thus that the CPLR 208 toll applied to plaintiff's wrongful death claim (Nguyen, 19 AD3d at 296-297). Notably, the Nguyen Court did not even mention this Court's decision in Ortiz.
Further, both the Third and Fourth Departments have also interpreted Hernandez to mean that the CPLR 208 toll applies in the situation at bar (see Weed v St. Joseph's Hosp., 245 AD2d 713 [3d Dept 1997], Matter of Boles v Sheehan Mem. Hosp., 265 AD2d 910 [4th Dept 1999]; see also Hallenbeck v Smith, 106 AD3d 1412[3d Dept 2013]). The Boles Court expressly rejected the holding in Ortiz, finding that it could not be reconciled with Hernandez. The Hallenbeck Court, citing to Hernandez, Baker, Boles and Weed as precedent and distinguishing Ortiz, applied the infancy toll and found that
"[a]lthough plaintiff's mother was the natural guardian of his person, she was never appointed guardian of his property by Surrogate's Court . . . and, consequently, she was neither entitled nor duty bound to seek letters of administration of decedent's estate in order to commence a wrongful death action on behalf of the children" (Hallenbeck, 106 AD3d at 1415, citing SCPA 1001[2], 1701, and 1723[1]).
Additionally, the Court of Appeals had the opportunity to revisit Hernandez in Heslin v County of Greene (14 NY3d 67 [2010]), where it declined to extend the CPLR 208 toll for a wrongful death claim to a cause of action for personal injury because of the distinction between the two causes of action (14 NY3d at7 4). The Court explained that
"in Hernandez we employed the CPLR 208 toll based on the infancy of the distributee himself. In that unique context, where no personal representative was otherwise available, it was reasonable to look to the distributee's infancy status because the wrongful death claim belonged to him and would [*8]compensate him for damages that he directly sustained as a result of his mother's death. As we put it, the distributee was 'the only person . . . whose interests are at stake in bringing this [wrongful death] action.' In effect, we treated the distributee as the plaintiff under the tolling statute because, for all intents and purposes, the claim was his own" (id. at 76 [internal citations omitted]).
The Heslin decision further underscores that Ortiz's interpretation of Hernandez was incorrect. Indeed, our decision in Baker noted that the Ortiz decision had been criticized by the other departments and had been described as resting on incorrect premises (Baker, 53 AD3d at 25-26). Based on the foregoing, we now formally overrule Ortiz. [FN1]
Moreover, defendants' reliance on Ratka v St. Francis Hosp. (44 NY2d 604 [1978]) in support of their interpretation of Hernandez is misplaced. Defendants argue that the Court in Ratka found that the infancy of the two distributees did not toll the statute of limitations because the adult representatives of the estate were available to timely commence the wrongful death claim. According to defendants, the same situation is presented here, where the adult plaintiffs, the "natural mothers" of the infant distributees, were available to timely commence the action. However, the Hernandez Court explicitly distinguished Ratka, noting, "Clearly, the Court in Ratka referred to the adult distributee when it noted that other 'next of kin' were under no disability to receive letters of administration" (78 NY2d at 691). In other words, in Ratka the two infant distributees were not the sole distributees. Rather, there were also adult distributees, referred to as other next of kin, who were eligible to bring the claim — namely the decedent's wife and two adult children. Here, the sole distributees of the decedent's estate are his two minor children, and neither mother qualifies as an adult distributee (see SCPA 1001).
Although CPLR 208 applies to plaintiffs' wrongful death claim, it does not apply to their assault and battery claim against Walia. The statute of limitations for an assault and battery claim is one year from the date the tort occurred (CPLR 215). EPTL 11-3.2(b) provides that "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed. For any injury an action may be brought or continued by the personal representative of the decedent." Plaintiffs contend that the infancy rule expounded in Hernandez also applies to intentional tort claims. However, the Court of Appeals addressed this argument in Heslin and rejected it, noting that "unlike a wrongful death claim that directly compensates a decedent's distributees for their own damages, a personal injury claim is designed to compensate the decedent for injuries suffered and is personal to the deceased - in other words, it is a claim assumed by the estate" (14 NY3d at 76). Ultimately the [*9]Heslin Court found that "[t]he rationale underlying Hernandez - that a court may take into account the infancy of the distributee because the wrongful death claim belongs to and is for the 'sole benefit' of the distributee" does not apply in the context of an intentional tort that belongs to the estate and seeks to "redress[ ] a wrong suffered by the deceased, not the distributees" (id. at 77). Thus, Walia's motion to dismiss the assault and battery cause of action as time-barred should have been granted.
Accordingly, the order of Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 3, 2019, which to the extent appealed from as limited by the briefs, denied defendants General Motor of NY, Inc., General Motor and Truck Repair, Inc. and Jernail Singh's and defendant Jasjeet Walia a/k/a Jesse Singh's motions for leave to amend the answer to add a statute of limitations defense and to dismiss the cause of action for wrongful death as against them and the cause of action for assault and battery against Walia as time-barred, should be modified, on the law, to grant the defendants' motions for leave to amend and to dismiss the cause of action for assault and battery, and otherwise affirmed, without costs.
Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 3, 2019, modified, on the law, to grant the defendants' motions for leave to amend and to dismiss the cause of action for assault and battery, and otherwise affirmed, without costs.
Opinion by Kapnick, J. All concur.
Renwick, J.P., Manzanet-Daniels, Kapnick, Kern, Kennedy, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2021



Footnotes

Footnote 1: Nor does the Ortiz Court's reliance on Baez v New York City Health & Hosps. Corp., (80 NY2d 571 [1992]) save it from being overruled today. Baez is distinguishable because there the decedent had a will that named the plaintiff executrix of her estate and guardian of her infant children. The Baez Court found that CPLR 208 did not apply "because plaintiff, as executrix, could have timely sought appointment as the personal representative of the decedent's estate and commenced the action on the infants' behalf" (80 NY2d at 574). In other words, at the time of the decedent's death, there existed an individual "eligible to receive letters of administration" and thus a "potential personal representative." Moreover, the Baez Court found that Hernandez did not apply because "[t]he concern expressed in Hernandez of not reaching the unnecessarily harsh result of denying an infant claimant the right to assert a claim is absent in this case since the executrix provided for in the will could have timely sought appointment as the personal representative of the decedent's estate and commenced the actions on infants' behalf after the death of their mother" (id. at 577).